**In Re Mary Holden DONNELLY, Debtor.**

**Richard ALEXANDER, Plaintiff,**

**v.**

**Mary Holden DONNELLY, Defendant.**

**Bankruptcy No. 379–03061.**
**Adv. No. 80–0007.**

United States Bankruptcy Court,
D. Oregon.

May 28, 1980.

Richard Alexander, pro se.

Joseph E. Penna, Monmouth, Or., for plaintiff.

Mary Holden Donnelly, pro se.

Thomas W. Churchill, Salem, Or., for defendant.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

On November 15, 1978 the plaintiff received a judgment in the Circuit Court of the State of Oregon for Marion County in the amount of $6,000 together with interest thereon and costs and disbursements in the amount of $127.96. The plaintiff in his complaint in this case seeks an order of the court holding that the defendant's liability upon the judgment is not dischargeable under 11 U.S.C. § 523(a)(6). At the trial the plaintiff appeared in person and by his attorney, Joseph E. Penna, and the defendant appeared in person and by her attorney, Thomas W. Churchill. The proceedings were reported by Caroline Thill–Allen.

The evidence in this case shows that the plaintiff and defendant had been seeing

each other socially for over a year prior to July 29, 1977. On that day they travelled in the plaintiff's automobile from Salem, where they both lived, to Aurora to browse for antiques. After the closing of the antique shops they went to a local tavern. There they ate, drank, played pool and visited with other patrons. There the plaintiff and defendant got into an argument. Upon leaving the tavern the argument continued as the defendant drove the automobile toward Salem. At one point the defendant stopped her car and asked the plaintiff to get out. The plaintiff insisted that she drive him to his home. Shortly afterward the defendant crossed over into the oncoming traffic lane. She stayed in this lane for a few seconds until she observed an approaching vehicle. She then brought her car back into her own lane, onto the shoulder, into a ditch and hit an obstruction. Both the plaintiff and the defendant were injured. Later the defendant entered a plea of guilty to a charge of reckless driving. The plaintiff instituted an action for personal injuries which resulted in the judgment above mentioned.

The judgment was based upon a verdict of the jury which found that the defendant was grossly negligent in either failing to keep her automobile under proper control or in driving on the left hand lane of a two lane highway. The jury found that 50% of the negligence contributing to the accident was the negligence of the plaintiff.

The plaintiff contends that the term "gross negligence" is the equivalent of the term "willful and malicious" used in § 523(a)(6) and that therefore, under the doctrine of res judicata, the court must find the judgment to be non–dischargeable. The plaintiff also contends that under the doctrine of res judicata the plea of guilty to the charge of reckless driving establishes that the plaintiff's damages were the result of a willful and malicious act.

ORS 30.115(2) provides that:

" 'gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

ORS 487.550 provides that:

"A person commits the crime of reckless driving if he drives a vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others."

In order for a debt to be non–dischargeable under § 523(a)(6) the court must find that the debt was for a willful and malicious injury. Under the old Bankruptcy Act, the same provision contained in § 17(a)(8) was variously interpreted. Following the lead case, *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), two lines of cases developed concurrently. Some of the cases equated "willful and malicious" with "gross negligence" while other cases equated the term with "deliberate and intentional." Under the new Bankruptcy Code the Senate Judiciary Committee's comments to § 523(a)(6) opted for the latter approach:

"Paragraph (5) [sic] provides that debts for willful and malicious conversion or injury by the debtor to another entity or the property of another entity are nondischargeable. Under this paragraph willful means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 U.S. [193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a less strict standard is intended, and to the extent that other cases have relied on *Tinker* to apply a reckless disregard standard, they are overruled." (Senate Report (Judiciary Committee) No. 95–989, July 14, 1978.)

Of the two lines of cases mentioned above the rule of better reasoning is that which equates "willful and malicious" with "deliberate and intentional". In the case of *Security Mutual Casualty Company v. Rainey*, 1 B.R. 569, 5 BCD 1210, (D.Or.1979), Judge Folger Johnson of this court said:

"In *In Re Moya*, 3 BCD 520 (S.D.Cal. 1977), where a bankrupt seeking discharge had lost control of his car while driving under the influence of alcohol and had caused a passenger in his car to be ejected and killed the court concluded

that his actions were not of the 'grossest' type which the U. S. Supreme Court had in mind for dischargeability when deciding *Tinker*. Confronting *Tinker* head on, the Bankruptcy Court for the Southern District of California attempted to show that the Supreme Court had addressed only the narrow facts of a criminal conversation action, and that its opinion should be read in the same limited manner. The bankruptcy judge further analyzed that courts reading *Tinker* so broadly as to apply to auto accident cases have done so erroneously out of a desire to 'legislate' a policy of safe driving. 3 BCD at 521–22. The court quoted from a state appellate opinion which labored over a definition of malice in a drunk driving case: 'One who becomes intoxicated, knowing that he intends to drive his automobile on the highway, is of course negligent, and perhaps grossly negligent. It is a reckless and wrongful and illegal thing to do. But it is not a malicious act.' "

In the *Rainey* case Judge Johnson concluded:

" * * * It appears safe to say that if a person knows that the consequences from his actions are certain, or substantially certain, to occur and yet goes ahead with those actions, the injuries or damages he causes thereby are 'necessarily' caused. The indisputably wrongful actions of the bankrupt–driving his parents' car without permission with a mere learner's permit and at 44 m.p.h. on a residential street and even if partially under the influence of alcohol–are not acts which in themselves would *necessarily* produce injury or damage with the kind of "substantial certainty" required for "willful" under § 17a(8). Even if an intention were found, something more than intention to do the thing afterwards pronounced as wrong and inexcusable is necessary to fulfill the "malice" requisite under § 17a(8). *In Re Carncross*, 114 F.Supp. 119, 120 (W.D.N.Y.1953), and cases cited therein."

▮ The above section of ORS defining the term "gross negligence", provides two alternative requirements, a conscious indifference to the rights of others or reckless disregard of the rights of others. Neither of these tests are the equivalent of an intentional act which would either necessarily produce injury or which would with substantial certainty produce injury. Therefore a finding of gross negligence is not the equivalent of a finding of willful and malicious conduct.

▮ The above section of ORS defining the crime of reckless driving requires that the act constitute a wilful and wanton disregard of the rights or safety of others. This statute is couched in terms of indifference to the results which might follow from a wrongful act. The term wilful and malicious is intended to apply to those acts in which it can be said that the actor intended to cause harm or to those acts wherein the likelihood of causing harm is so great that the actor will not be heard to say that he did not intend to cause the resultant harm. Therefore the plea of guilty by the defendant in this case to the charge of reckless driving does not establish that her acts were willful and malicious.

▮ In any event the law of this circuit as set forth in the case of *In re Houtman*, 568 F.2d 651 (9th Cir. 1978) does not limit the bankruptcy court to the record made in a prior proceeding but permits the court to consider such additional evidence as may be presented in the trial of the dischargeability question.

▮ The evidence in this case shows that the defendant intentionally drove her car into the lane provided for oncoming traffic in order to "irritate" the plaintiff. When traffic appeared from the opposite direction she drove to the right and into the proper lane of traffic. The car then proceeded onto the shoulder and into the ditch where the car contacted an obstruction which resulted in the injuries to the plaintiff and the defendant. It is not entirely clear why the car proceeded onto the shoulder and into the ditch. The plaintiff testified that when the defendant turned the car back to the proper lane of traffic it proceeded directly onto the shoulder and into the ditch.

The defendant testified that when she got the car back into her proper lane of traffic it started to fishtail, that she decided it was best not to apply the brakes and she therefore intended to allow the car to coast along the shoulder until it slowed. It is not necessary for the court to determine which version is correct in that the court finds that the acts of the plaintiff did not amount to willful and malicious conduct. The evidence does not establish that the defendant intended to cause physical harm to the plaintiff nor was her conduct such that it was substantially certain that harm would result. It would not have been possible for the defendant to have caused physical harm to the plaintiff in this fashion without equally great danger that she would also cause physical harm to herself and to her automobile. There was no evidence to indicate that the defendant was then intoxicated. While the conduct of the defendant may have constituted gross negligence or reckless driving it was not willful and malicious as that term is used in the Bankruptcy Code. The liability of the defendant upon the judgment of the State Court is therefore dischargeable.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.