In re Carol Ann STANFIELD, Debtor.

Morris H. LAATSCH Administrator of Estate of Michael Mason, Deceased, Plaintiff,

v.

Carol Ann STANFIELD, Debtor-Defendant.

Bankruptcy No. 581–342.
Adv. No. 581–0511.

United States Bankruptcy Court, N. D. Ohio.

Sept. 22, 1981.

Morris Laatsch, Akron, Ohio, for plaintiff.

Robert C. Hunt, Akron, Ohio, for debtor-defendant.

H. F. WHITE, Bankruptcy Judge.

A complaint to determine the dischargeability of a debt was filed by Morris H. Laatsch, Administrator of the Estate of Michael Mason, Deceased, against Carol Ann Stanfield on June 12, 1981. Said complaint alleged that a debt owed to Plaintiff by Defendant was a debt for willful and malicious injury by the Defendant and therefore nondischargeable in Defendant's bankruptcy pursuant to 11 U.S.C. Section 523(a)(6).

An answer to said complaint, denying willful and malicious injury, was filed by the Defendant on July 2, 1981. A pre-trial conference upon said complaint was held on August 5, 1981 with counsel for Plaintiff and counsel for Defendant present.

A stipulation of damages to the presently unliquidated claim of the Estate of Michael Mason, Deceased, against the debtor for the wrongful death of said decedent was submitted to the Court by counsel for the Plaintiff and counsel for the Defendant on August 19, 1981. The total amount of damages stipulated is $25,086.46.

A motion for summary judgment was filed by Defendant on August 24, 1981. Submitted in support of said motion is a "Stipulation of Facts" entered into in the case of *State of Ohio vs. Carol Stanfield*, Case No. 80 CRB ST 1081, Barberton Municipal Court, Summit County, Ohio. A response to the Motion for Summary Judgment, consenting to the decision of this motion based on the aforesaid Stipulation of Facts, was filed by Plaintiff, Morris H. Laatsch, Administrator of the Estate of Michael Mason, Deceased, on September 3, 1981.

## FACTS

The facts in this case have been stipulated and/or admitted by the parties.

Defendant-Debtor, Carol Ann Stanfield, was driving her car in a westerly direction on Copley Road in Copley Township, Ohio at approximately 6:50 p. m. on the evening of July 8, 1980. The weather was clear and sunny. The roads were dry. The Decedent was driving east on his motorcycle on Copley Road.

While making a left turn at the intersection of Lakeland Avenue and Copley Road, Defendant's motor vehicle collided with the motorcycle operated by the Decedent. The impact resulted in the death of Michael Mason.

Prior to making the turn, Defendant had put on her turn signal and had stopped at the intersection. Defendant had not seen the approach of the motorcycle prior to impact due to glare from the setting sun. Defendant had not been drinking prior to the collision.

Defendant was cited for a violation of Ohio Revised Code 2903.07,[1] Vehicular homicide. Defendant was found guilty of the charge by the Barberton Municipal Court, Summit County, Ohio.

---

1. Ohio Revised Code 2903.07 provides: "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall negligently cause the death of another. (B) Whoever violates this section is guilty of vehicular homicide, a misdemeanor of the first degree. If the offender has previously been convicted of an offense under this section or section 2903.06 of the Revised Code, vehicular homicide is a felony of the fourth degree."

## LAW

Plaintiff's complaint seeks a determination that Defendant's unliquidated debt owed by her to Plaintiff is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6). That section excepts from discharge those debts which are "for willful and malicious injury by the debtor to another entity."

11 U.S.C. Section 523(a)(6) is similar in its wording to Section 17(a)(8) of the Bankruptcy Act. That the section is to be read in a stricter fashion than was its predecessor is clear from the Legislative History dealing with this section. The House Report states:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 365.

Several cases have construed this section recently. In keeping with the restrictive tone set by the House Report, these cases have generally found the debts to be dischargeable.

Perhaps the first court to construe 11 U.S.C. Section 523(a)(6) in the context of a debt arising out of an automobile accident was the Bankruptcy Court for the Northern District of Illinois in the case of *In Re Bryson*, 3 B.R. 593 (N.D.Ill.1980). The debtor in that case was involved in an automobile accident while driving under the influence of alcohol. The Court found that although this showed reckless disregard for the safety of the Plaintiff, that reckless disregard was insufficient for purposes of Section 523(a)(6). As no evidence had been given that the debtor intended to injure anyone, it could not be said that the debtor's conduct was "willful and malicious" so as to require non-dischargeability of the debt.

In *In Re Donnelly*, 6 B.R. 19, 6 B.C.D. 1081 (Bkrtcy.D.Or.1980), the debt in question was found to be dischargeable, notwithstanding the fact that the debt had been reduced to judgment in the state court. The jury in the state court trial had specifically found the debtor's conduct to be grossly negligent. Additionally, the Defendant-Debtor had been convicted of Reckless Driving under the state's traffic laws. Under the state's statutory schemes, it was held, neither gross negligence nor reckless driving involve an intentional act such as would fall within the 523(a)(6) exception. The debt was therefore found to be dischargeable.

A debt arising from an auto collision while the defendant-debtor was intoxicated was also found to be dischargeable in *In Re Naser*, 7 B.R. 116 (Bkrtcy.W.D.Wis.1980). In *In Re Ankowiak*, 9 B.R. 746 (Bkrtcy.N.D. Ill.1981), the Bankruptcy Court for the Northern District of Illinois held that the Defendant's speeding and failure to stop at a stop sign did not amount to deliberate or intentional actions. The Debtor's driving had resulted in the death of the Plaintiff's husband; the debt was nonetheless found to be dischargeable.

Likewise, in the instant case, the facts, as stipulated and, as admitted, do not constitute willful and malicious conduct on the part of the Defendant-Debtor, Carol Ann Stanfield.

Defendant was convicted of a violation of the Ohio Revised Code which makes it a crime to negligently cause the death of another through the operation of a motor vehicle. O.R.C. Section 2903.07. Like the traffic violations in *In Re Donnelly, supra*, Vehicular homicide in Ohio is not an offense involving the element of intent. Although the degree of negligence required to support a conviction under the statute is of a higher degree than ordinary torts law negligence, Committee Comment, Ohio Revised Code Section 2901.22, negligence, even gross negligence, is insufficient to find a debt non-dischargeable. *In Re Donnelly, supra*.

Additionally, Defendant's conduct prior to the collision was neither intentional nor deliberate on her part. Defendant had put on her turn signal and had stopped at the intersection of Lakeland Avenue and Copley Road prior to commencing her turn. Defendant's stipulated testimony is that she did not see the motorcycle prior to the impact due to the setting sun. The law enforcement authorities, based upon the evidence, charged the defendant with Vehicular homicide as under Ohio Revised Code 2903.06 for Aggravated vehicular homicide [2] there must be evidence of recklessness. Had the defendant been charged under Ohio Revised Code 2903.06, she could have received a severe penalty. These actions of the debtor-defendant are not such as give rise to a finding that the injury to Plaintiff's deceased was willful and malicious, intentional or deliberate on the part of the Defendant.

### CONCLUSION

Therefore, although the Defendant's actions have been substantially negligent, they are not sufficient to find that the injury inflicted upon deceased was "willful and malicious" rendering the debt nondischargeable.

There being no other issue of material fact remaining to be decided, the Defendant-Debtor's Motion for Summary Judgment is well-taken and should be granted.

2. Ohio Revised Code 2903.06 states: "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause the death of another. (B) Whoever violates this section is guilty of aggravated vehicular homicide, a felony of the fourth degree. If the offender has previously been convicted of an offense under this section or section 2903.07 of the Revised Code, aggravated vehicular homicide is a felony of the third degree."