In the Matter of James Edward
CECKO, Debtor.

Margie EZZO and Shani Jean
Ezzo, Plaintiffs,

v.

James Edward CECKO, Defendant.

Bankruptcy No. B80–1648–Y.
Adv. No. 81–0056.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 9, 1982.

Anthony N. Gemma, Youngstown, Ohio, for plaintiffs.

Thomas E. Zena, Youngstown, Ohio, for defendant.

JAMES H. WILLIAMS, Bankruptcy Judge.

Plaintiffs filed this action seeking a determination that certain damages resulting from an attack by debtor's dog are within the "willful and malicious injury" exception to discharge created by 11 U.S.C. § 523(a)(6). Defendant has moved the court alternatively for summary judgment and judgment on the pleadings, arguing that his conduct was, at most, an act of negligence or reckless disregard of his duty toward plaintiffs, and that such conduct cannot sustain a finding of nondischargeability. As none of the facts alleged in the instant complaint are contested by defendant for purposes of his motion, the court will treat said motion as one for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as incorporated Rule 712(b) of the Rules of Bankruptcy Procedure.

I

The complaint filed in this matter contains the following factual allegations. On or about July 28, 1976, plaintiff Shani Jean Ezzo, a minor child of plaintiff Margie Ezzo, was attacked by defendant's dog, a female Doberman Pinscher with known vicious propensities. This incident occurred at plaintiffs' residence, and Shani Jean Ezzo suffered extensive facial injuries which necessitated medical treatment, including plastic surgery. It is further alleged that Shani Jean Ezzo has suffered permanent disfigurement and that plaintiffs expect to incur substantial expenses for future medical treatment of said injuries.

II

In considering defendant's motion for judgment on the pleadings, all of the above facts are to be taken as true. *See generally* 2A Moore's Federal Practice para. 12.15 (2d ed. 1982). The question presented is whether defendant's involvement in this unfortunate incident is sufficient to support a finding of nondischargeability under 11 U.S.C. § 523(a)(6), which provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

*   *   *   *   *   *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. * * *

Defendant argues that any actionable claim which plaintiffs may have against him would be based upon a theory of negligence and is therefore dischargeable as not within the quoted exception.

The legislative history to Section 523(a)(6) suggests that a specific intent to injure is required before the exception will apply:

> Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* 139 [193] U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply "reckless disregard" standard, they are overruled.

House Report No. 95–595, 95th Cong., 1st Sess. (1977) 365, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320.

Plaintiffs maintain that the keeping or harboring of a clearly vicious animal supports a finding of intentional injury within the meaning of the statute, citing various cases decided under Section 17a(8) of the Bankruptcy Act of 1898. *See, e.g., Beam v. Karaim,* Co.Ct., 47 N.Y.S.2d 193 (1944); *Yackel v. Nys,* 258 A.D. 318, 16 N.Y.S.2d 545 (1939). However, the cited cases appear to be progeny of *Tinker v. Colwell, supra,* and are thus overruled by the enactment of Section 523(a)(6).

While an owner may have to answer for the consequences of the conduct of a pet based upon the fundamental tort concepts of foreseeability and/or strict liability, it does not necessarily follow that a debt arising from such a claim is nondischargeable under present law. The vast majority of decisions which have found an exception to discharge under Section 523(a)(6) have involved intentional torts (such as assault and battery), and it is well-recognized that a deliberate or intentional act is required under that section. *See, e.g., In re Adams,* 21 B.R. 301, 9 B.C.D. 318 (Bkrtcy.N.D.Ohio 1982); *In re White,* 18 B.R. 246, 8 B.C.D. 1093 (Bkrtcy.E.D.Va.1982); *In re Stanfield,*

14 B.R. 180, 8 B.C.D. 170, 5 C.B.C.2d 229 (Bkrtcy.N.D.Ohio 1981); *In re Bryson,* 3 B.R. 593, 6 B.C.D. 199 (Bkrtcy.N.D.Ill.1980); 3 Collier on Bankruptcy para. 523.16[1] (15th ed. 1982).

In a cogent analysis of the previously quoted legislative history, one court has concluded that a finding of specific hatred or ill will is not a necessary element of malice under Section 523(a)(6), but that same court applied the exception only upon a finding of specific intent to do harm:

> Debtor's act of intentionally bringing a gun when he had just been involved in an altercation compounded by his reaction to Mr. Craycraft's having been shot is sufficient evidence for this court to hold that the debtor willfully intended to cause harm to Mr. Craycraft and is responsible for all the injurious consequences flowing therefrom.

*In re Adams,* 21 B.R. 301, 9 B.C.D. at 320. The total absence of intent to injure in the case at bar mandates a finding in favor of defendant.

This court is aware of one dog bite case in which the court came to a contrary conclusion. *See In re Rines,* 18 B.R. 666, 8 B.C.D. 1205 (Bkrtcy.M.D.Ga.1982). While *Rines* presents facts which are strikingly similar to the instant case, the court specifically declined to give effect to the definition of "willful" which is found in the legislative history to Section 523(a)(6). This judicial district and many others have elected to honor the intent of Congress as expressed in the legislative history, and the court respectfully declines to follow the *Rines* case as authority.

### III

An examination of the pleadings in this matter reveals no allegation of fact which would suggest that defendant intended to cause injury to plaintiff Shani Jean Ezzo. For this reason, defendant must prevail on his motion for judgment on the pleadings, and the relief requested in said motion will be granted by order of this court.