In re Robert Eugene OAKES, Debtor.

Lena June CLAIR Administratrix of the Estate of Cynthia L. Clair, deceased, Plaintiff,

v.

Robert Eugene OAKES, Debtor-Defendant,

and

Glen Industries, Inc. dba Olde Harbor Inn, Defendant.

Bankruptcy No. 581–639.
Adv. No. 581–0589.

United States Bankruptcy Court, N.D. Ohio.

Nov. 22, 1982.

Robert E. Bulford and Patricia M. Ritzert, Akron, Ohio, for plaintiff.

Dan J. Cavanaugh, Akron, Ohio, for debtor/defendant.

## FINDING AS TO DISCHARGEABILITY OF DEBT

H.F. WHITE, Bankruptcy Judge.

Lena June Clair, Administratrix of the Estate of Cynthia L. Clair, Deceased, hereinafter referred to as Plaintiff, filed a Complaint on July 2, 1981 to except a claim against Robert Eugene Oakes from discharge pursuant to 11 U.S.C. §§ 523(a)(6) and 523(c). The Complaint further asked for compensatory and punitive damages against Glen Industries, Inc. dba Olde Harbor Inn, which was named as a defendant in this action.

The Plaintiff had filed a complaint in the Common Pleas Court of Summit County, No. CV 78–11–2717, naming the same defendants and requested damages as set forth in the complaint filed with this court.

This Court by order of August 24, 1981, and by agreement of the Plaintiff and Defendant, did defer the determination of this complaint until the complaint filed in the Common Pleas Court of Summit County was heard by a jury in that court. On June 2, 1982 a Final Judgment entry was entered, after a jury trial had been held in the Common Pleas Court of Summit County. Plaintiff's Exhibit 3A.

The dischargeability trial was held by this Court. A motion was granted by this Court dismissing Glen Industries, Inc. dba Olde Harbor Inn, as a party defendant, as this Bankruptcy Court does not have jurisdiction over said defendant. Further, the final judgment obtained in the Common Pleas Court was only against the Debtor, Robert Eugene Oakes.

The parties to the trial submitted Stipulations of Facts in open Court in lieu of a trial and witnesses. This Court, therefore, makes the following findings based upon the Stipulations and Exhibits filed with the Court.

## FINDING OF FACTS

1. A Final Judgment of $110,000 in favor of the Plaintiff was rendered on Count III of the Complaint against Robert Eugene Oakes in Case No. CV 78–11–2717 in the Court of Common Pleas of Summit County on June 2, 1982. Plaintiff's Exhibit 3A.

2. The Debtor pleaded No Contest in Barberton Municipal Court and was found guilty of: "unlawfully and negligently caus[ing] the death of Cynthia L. Clair, while the said Robert E. Oakes was operating a motor vehicle, to-wit: 1976 Chrysler in violation of Section 2903.07 of the O.R. C." Plaintiff's Exhibit 2.

3. The hospital medical report indicated normal blood chemistry, except for an alcohol blood content of .2485. Plaintiff's Exhibit 1.

4. The Defendant admitted that on June 22, 1978 he was driving a motor vehicle in an easterly direction on Warner Road, in Coventry Township, Summit County, Ohio at an excessive rate of speed. He lost control of the auto and went left of center and collided with a car driven by the decedent, Cynthia L. Clair. The accident occurred on June 22, 1978 at approximately 12:45 a.m.

5. The Defendant further admitted that during the evening of June 21, 1978 between the hours of 7 p.m. or 7:30 p.m. and 12:20 a.m. on June 22, 1978 he had consumed between 7 to 11 drinks known as Canadian Club and 7-Up. This statement agrees with the alcohol blood content of .2485, which would indicate the consumption of at least 10 ounces of alcohol.

6. The Debtor/Defendant admitted losing control of his motor vehicle and going off the road. He further admitted that in an attempt to return to the road, he overcompensated and apparently skidded sideways, thereby going left of center. Plaintiff's Exhibit 3B.

7. It was established at the trial in the Common Pleas Court that the impact did occur left of center and in the lane of oncoming traffic, thereby causing a head-on collision with the auto of the deceased. Plaintiff's Exhibit 1.

8. Cynthia L. Clair was rendered unconscious as a result of said impact and remained in a comatose condition until her death on June 26, 1978.

9. The Civil Case No. 78–11–2717 in Count II alleged wanton negligence and wanton misconduct of the Defendant, Robert Eugene Oakes, and requested punitive damages in the amount of $100,000. Judgment was rendered in favor of Robert E. Oakes on Counts I and II, Count I being a count in negligence.

10. Count III, upon which final judgment was rendered on behalf of Lena June Clair, Administratrix of the Estate of Cynthia L. Clair, was based upon the pecuniary damages suffered by the parents of the deceased, Alfred Clair and Lena June Clair, and for funeral expenses incurred by them pursuant to the provisions of ORC Section 2125.02.

## ISSUE

Based upon the Stipulation of Facts submitted to this Court, is this claim subject to exception to discharge under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code.

## LAW

Plaintiff seeks to have a claim against Debtor excepted from discharge pursuant to 11 U.S.C. Section 523(a)(6). That subsection provides that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

The claim in question arose out of the death of Plaintiff's decedent, Cynthia Clair, in an automobile accident between Debtor and Ms. Clair. Plaintiff contends that the injury to herself through the death of her daughter is willful and malicious due to the fact that the Debtor was driving under the influence of alcohol at the time of the accident.

Under the former Bankruptcy Act, the Courts were split as to whether the fact that a person was driving under the influence of alcohol at the time that an injury-causing accident occurred rendered the injury willful and malicious so that the debt was non-dischargeable in bankruptcy. Thus, in *In Re Eastham,* 1 B.C.D. 1211 (Bkrtcy.E.D.Tenn.1975), the Bankruptcy Court found that by driving under the influence of alcohol the Debtor had evinced a reckless indifference to the safety of human life. In that case, the plaintiff had recovered a civil judgment against the debtor due to the death of her husband from the automobile accident with the intoxicated debtor. The Court found that the civil judgment was nondischargeable in bankruptcy due to debtor's reckless disregard and plea of guilty to involuntary manslaughter. To like effect, see *In Re Irwin,* 2 B.C.D. 783 (Bkrtcy.N.D.Iowa 1976). Other courts, however, held that reckless disregard was insufficient to find an injury to be willful and malicious and accordingly found the debts concerned to be dischargeable. *In Re Moya,* 3 B.C.D. 520 (Bkrtcy.S.D.Ca.1977).

■ The language contained in 11 U.S.C. Section 523(a)(6) is similar to that contained in its predecessor, 11 U.S.C. Section 35,— Section 17(a)(8). The Legislative History for 11 U.S.C. 523(a)(6) however, evidences an intent on the part of Congress that this subsection be read in a more restrictive fashion than its predecessor. *In Re Stan-field,* 14 B.R. 180, 8 B.C.D. 170 (Bkrtcy.N.D. Ohio 1981). It is stated in the House Report that:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell,* 139 [193] U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Thus, in order for this Court to hold that Plaintiff's claim is nondischargeable in bankruptcy, this court must find that the injury to Plaintiff's decedent was willful in the sense that it was deliberate or intentional and not in the sense that the injury arose out of a debtor's reckless disregard for the safety of others. Based on the evidence presented this Court, this Court cannot find that the injury to Plaintiff's decedent was an intentional and deliberate act.

■ Debtor was originally charged with a felony due to the death of Cynthia Clair. However, he was convicted of Vehicular Homicide, a misdemeanor. Debtor was convicted of a violation of Ohio Revised Code Section 2903.07 which section makes it a crime to unlawfully and negligently cause the death of another. This conviction is, without further evidence, insufficient for this Court to find that the injury to Cynthia Clair was willful and malicious. Negligence, even gross negligence, is insufficient to provide the necessary elements of malice and willfulness. *In Re Stanfield, supra.*

Moreover, Plaintiff sued debtor on three causes of action based on the injuries to and the death of Cynthia Clair. The second of these counts alleged wanton negligence and wanton misconduct on the part of the Debtor due to this state of intoxication at the time of the accident. Punitive damages were requested by the Plaintiff. Following

a trial to jury, the trial judge directed a verdict in favor of the defendant on the second cause of action. In directing the verdict, the trial Judge, in effect, held that the evidence was insufficient to find that the Debtor had acted with wanton negligence or wanton misconduct so as to allow for a recovery of punitive damages against the Debtor. This verdict was based, no doubt, on the recent decision in *Detling v. Chockley,* 70 Ohio St.2d 134, 436 N.E.2d 208 (1982) wherein the Ohio Supreme Court held that evidence of intoxication alone was insufficient to allow an award of punitive damages. The Supreme Court went on to state:

> * * * It would be possible for a drunken driver to commit a negligent act in such a manner as to not indicate intoxication. For example, a drunken driver could be well within the speed limit, drive a straight line and have a rear-end collision with a car stopped at an intersection. Rear-end collisions are very common and are mostly due to inattention, not intoxication. In such an instance, it is extremely unlikely one could get punitive damages, and it is arguable that one should not. Punitive Damages and the Drunken Driver, 8 Pepperdine L.Rev. 117, fn. 2, at 133–134.

Debtor's actions showed a reckless disregard for the safety of others. The acts of getting into an automobile after having drunk alcohol sufficient to have an alcohol blood content of .2485 [1] and driving in such a manner as to cause injury and death to an innocent person on the highway are acts which go beyond mere negligence. These acts do not alone however rise to the level of intentional and deliberate acts. In enacting 11 U.S.C. Section 523(a)(6), Congress intended that more than reckless disregard for others be required to except a debt from discharge. As it has not been shown that the injuries herein concerned were caused by willful and malicious actions on the part of Debtor, Plaintiff's claim may not be excepted from discharge.

Under the prior Bankruptcy Act of 1898 as amended, this Court would have had little hesitancy in excepting this debt from discharge. It is this Court's duty, however, to interpret the law as it is presently written and enacted in accordance with Congressional intent. It is not the province of this Court to legislate. Although it may offer little comfort to Plaintiff, this Court takes note of the fact that there are bills pending in both Houses of Congress which would make debts arising from injuries caused by debtors while driving under the influence of alcohol nondischargeable in bankruptcy under 11 U.S.C. Section 523(a)(6). Indeed such a bill was proposed by the Representative for the Congressional district in which this Court is located, Representative John Seiberling, on August 19, 1982. Until such time as Title 11 U.S.C. is amended, this Court must continue to interpret the law as it was enacted by Congress and in effect at the time of the accident and at the time of the filing of the petition in bankruptcy.

Therefore, it is the conclusion of this Court that Plaintiff's claim against Debtor does not arise out of a willful and malicious injury and that such debt is therefore dischargeable in bankruptcy.

---

1. This Court takes note of the fact that, under Ohio law, a driver is presumed to be under the influence of alcohol when he has a blood alcohol concentration of ten hundredths of one percent or more. Ohio Revised Code 4511.19(B). Debtor's blood alcohol content was nearly two and a half times higher. There can be little doubt as to the fact that Debtor was intoxicated, and substantially so, at the time of the accident.