**In re Harry LOUIS, Debtor.**

**Clifford BELL, Plaintiff,**

v.

**Harry LOUIS, Defendant.**

**Bankruptcy No. 84–01273.**
**Adv. No. 84–0207.**

United States Bankruptcy Court,
E.D. Wisconsin.

April 10, 1985.

Andrew S. Zieve, Milwaukee, Wis., for plaintiff.

John Wolf, III, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

JAMES E. SHAPIRO, Bankruptcy Judge.

Clifford Bell ("Plaintiff") has moved for summary judgment upon his complaint which seeks to declare a debt of the debtor, Harry Louis ("Defendant") nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.[1] This motion has been submitted to the Court upon stipulated facts and upon briefs of the parties.

## FACTS

On October 2, 1982, the defendant shot the plaintiff and was charged with attempted murder under Wis.Stats. §§ 943.01 and 939.32. On December 8, 1982, following plea negotiations, the defendant appeared in the Milwaukee County Criminal Court with counsel and entered a no contest plea to a lesser charge under Wis.Stats. 940.23[2] of injury by conduct regardless of life. On January 14, 1983, the defendant was sentenced to three years' probation with the first six months to be served in the House of Correction under a work release program. On March 4, 1983, a civil suit was filed by the plaintiff against the defendant arising out of this incident. On March 1, 1984, the parties entered into the following stipulation in the civil action which reads in part as follows:

"COMES NOW the above-named parties, by their respective counsel, and Stipulate that Judgment be entered against the defendant in the amount of One Hundred Forty-Five Thousand and No/100 Dollars ($145,000.00) inclusive of costs and disbursements, providing that the Judgment does not characterize the damages as either actual or punitive—but rather states simply 'damages'. Counsel's purpose in making this Stipulation is that it would have the effect of leaving the is-

sue of the Judgments (sic) dischargeability in bankruptcy for the Bankruptcy Court—where they believe it is more properly litigated."

On April 4, 1984, the defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

## LAW

The thrust of the plaintiff's contention is that summary judgment must be granted on the issue of dischargeability under § 523(a)(6) because of the plaintiff's prior state court criminal conviction under Wis. Stats. 940.23 and that the doctrine of collateral estoppel precludes the defendant from attempting to prove otherwise.

In order to fully consider this contention, an understanding of the principles of summary judgment and collateral estoppel and a comparison of Wisconsin criminal statute 940.23 with Bankruptcy Code § 523(a)(6) are fundamental.

By virtue of Bankruptcy Rule 7056, Rule 56 of the Federal Rules of Civil Procedure, dealing with summary judgment, applies in bankruptcy adversary proceedings. Summary judgment is appropriate only when it is clear that there is no genuine issue as to any material fact. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir.1972).

This leads the Court to a consideration of the doctrine of collateral estoppel and whether or not it should be invoked in connection with the plaintiff's motion for summary judgment. The leading case on this subject is *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed. 767 (1979) which holds that res judicata does not apply in determining whether or not a particular debt is dischargeable. *Brown v. Fel-*

---

1. § 523. EXCEPTIONS TO DISCHARGE:

    (a) "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...
    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

2. Wis.Stats. 940.23. INJURY BY CONDUCT REGARDLESS OF LIFE.

    "Whoever causes great bodily harm to another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, is guilty of a Class C felony."

*sen* also stated in dicta that under certain circumstances the narrower doctrine of collateral estoppel may be appropriate where a state court has decided factual issues identical to those which pertain to the issue of dischargeability and where the state court, in making its determination, based it upon the same standards required in the bankruptcy court. *In re Hanson,* 45 B.R. 60 (Bankr.D.N.D.1984). Since *Brown v. Felsen* was decided, courts have developed two differing views with respect to the use of collateral estoppel in dischargeability cases. Some courts, as typified by *In re Brink,* 27 B.R. 377 (Bankr.W.D.Wis.1983) have held that the issue of dischargeability is exclusively within the jurisdiction of the bankruptcy court and that neither res judicata nor collateral estoppel is applicable. *See also, In re Trewyn,* 12 B.R. 543 (Bankr.W.D.Wis.1981); *In re Gallagher,* 47 B.R. 92 (Bankr.W.D.Wis.1985); *In re Houtman,* 568 F.2d 651 (9th Cir.1978); *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir.1980). Should the Court adopt this view, the motion for summary judgment would be denied without any further consideration.

However, this Court also recognizes that other courts, as typified by *In re LaCasse,* 28 B.R. 214, 216 (Bankr.D.Minn.1983), have held that under certain circumstances collateral estoppel can be applied if the following criteria are present:

1. The issue sought to be precluded must be the same issue as that involved in the prior action.

2. The issue must have been actually litigated.

3. The issue must have been determined by a valid and final judgment; and

4. The determination of the issue must have been essential to the final judgment.

*See also, In re Anderson,* 49 B.R. 655 (Bankr.W.D.Wis., 1984); *In re Supple,* 14 B.R. 898 (Bankr.D.Conn.1981). Even if this Court applies the *LaCasse* reasoning to the present case, the summary judgment motion must still fail. This is because, under the particular circumstances involved, the prerequisite criteria for collateral estoppel cannot be met.

■ Bankruptcy Code § 523(a)(6) declares that a debtor may not receive a discharge from any debt for willful or malicious injury by the debtor to another entity or to the property of another entity. In order to fall within this exception to discharge, the injury to the entity or property must have been willful and malicious. Willful means "deliberate or intentional", a deliberate and intentional act which necessarily leads to injury. 3 *Collier on Bankruptcy,* § 523.16 (15th Ed.). Willful must be more than inadvertent or negligent. It no longer includes the looser standard of "reckless disregard" as was adopted in the pre-Code decision of *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). *See,* H.R.Rep. No. 95–595 (95th Cong., 1st Sess. 363–365 (1977); S.Rep. 95–989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, 5787. *See also, In re Grace,* 22 B.R. 653 (Bankr.E.D. Wis.1982). Negligence, even gross negligence, is insufficient to prove the necessary elements of malice and willfulness. *In re Oakes,* 24 B.R. 766 (Bankr.N.D.Ohio 1982).[3]

■ As previously noted, Wis.Stats. 940.-23 is the criminal statute to which the defendant entered a no contest plea. Because of the defendant's conviction under this Statute, the plaintiff urges this Court to invoke the doctrine of collateral estoppel, thereby making the debt nondischargeable pursuant to the § 523(a)(6) exception.

---

**3.** The *Oakes* case is particularly significant because of its similarity to the facts in the case at bar. In *Oakes,* the defendant-debtor entered a plea of no contest to a charge of unlawfully and negligently causing the death of an individual while operating a vehicle. The defendant later filed a petition in bankruptcy and the bankrupt-cy court concluded that the conviction was not sufficient to make the debt to the decedent's estate nondischargeable and stated "This conviction is, without further evidence, insufficient to find that the injury ... was willful and malicious." *In re Oakes, supra,* 24 B.R. at 769.

Under Wis.Stats. 940.23, the state must prove each of the following elements in order to obtain a criminal conviction:

1. That the victim's injuries amount to great bodily harm;

2. That the defendant's conduct was imminently dangerous to another;

3. That his conduct was of such a character that it evinces a depraved mind regardless of human life; and

4. That there was a relation of cause and effect between the victim's injuries and the defendant's conduct imminently dangerous to another and evincing a depraved mind, regardless of human life.

*Poston v. U.S. Fidelity and Guaranty Co.*, 107 Wis.2d 215, 218, 320 N.W.2d 9 (Ct.App.1982). What is significant is that the state court in *Poston v. U.S. Fidelity and Guaranty Co., supra*, 107 Wis.2d at 219, 320 N.W.2d 9, asserted that intent is not an element necessary for conviction of this crime. *See also, State v. Paulson*, 106 Wis.2d 96 at 100, 315 N.W.2d 350 (1982) which also held that intent is not an element of Wis.Stats. § 940.23. The record of the state court criminal proceedings involving the defendant is devoid of any specific finding by that court with respect to intent. The plaintiff has cited *Balistreri v. State*, 83 Wis.2d 440, 265 N.W.2d 290 (1978) as authority for his contention that the defendant's criminal conviction necessarily results in a finding of intent. *Balistreri* is distinguishable for several reasons. In that particular case, the Court was confronted with a different statute—Wis. Stats. 941.30 (endangering safety by conduct regardless of life). The holding in *Balistreri* only stated that the defendant's conduct "implies a constructive intent to maim or kill". To read into this language a broader meaning as being the equivalent of "willfulness" for purposes of § 523(a)(6) of the Bankruptcy Code is unwarranted. This Court reaches this conclusion because of the holdings of *Poston v. U.S. Fidelity and Guaranty Co.* and *State v. Paulson, supra,* which are more recent and more in point than *Balistreri.* They specifically dealt with the same statute which is involved in this case and they affirmatively declared that intent is not a necessary element of conviction under the criminal statute.

Therefore, no identity of issues exist between the criminal conviction under Wis. Stats. 940.23 and Bankruptcy Code § 523(a)(6). The standard of recklessness, while appropriate for conviction under Wis. Stats. 940.23, is insufficient to establish nondischargeability under Bankruptcy Code § 523(a)(6). *See Ferriell* "The Preclusive Effect of State Court Decisions in Bankruptcy", 59 Am.Bankr.L.J. 55 at 70 (n. 299) (Winter, 1985).

▮ Another element needed for collateral estoppel and which is lacking in the case at bar is the requirement that the issue sought to be precluded was "actually litigated" in the earlier trial. In this case, there was no trial. The conviction resulted from plea bargaining. This falls far short of a contested trial where the parties are drawn into controversy with an incentive to litigate and fully present the issues.

There remain in this case basic unresolved issues of fact in connection with the alleged willful and malicious conduct on the part of the defendant. These issues can only be determined by a court following a full and complete evidentiary hearing. A no contest plea in a prior criminal conviction does not dispose of these issues.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and the same is hereby denied.

IT IS FURTHER ORDERED that a pretrial conference shall be held on April 29, 1985 at 2:00 o'clock P.M. in the United States Bankruptcy Court, Room 320, U.S. Courthouse and Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.