**In re Kerry K. O'CONNELL, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Kerry K. O'CONNELL, Defendant.**

**Bankruptcy No. 87–00376–DPM.
Adv. No. 87–0097(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Dec. 8, 1987.

Fred Dana, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Timothy R. Anderson, St. Louis, Mo., for defendant.

Kevin L. King, Clayton, Mo., trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On May 8, 1987, Plaintiff, United States of America, filed a Complaint against Debtor requesting the Court to declare Debtor's restitution obligation imposed as part of a criminal sentence nondischargeable and to grant Plaintiff judgment against her in the sum of $7,045.00, the amount of the obligation. On June 12, 1987, Debtor filed her Answer contesting the Complaint. Thereafter, the parties submitted the proceeding to the Court upon a Stipulation of Facts and Briefs. Having reviewed the same, the Court makes the findings of fact and con-

clusions of law set forth below and this date rules in favor of Plaintiff.

**FINDINGS OF FACT**

1. On February 9, 1987, Debtor filed her voluntary Chapter 7 case in this District.

2. On March 14, 1983, a Judgment and Probation/Commitment Order was entered against Debtor in the United States District Court, Eastern District of Wisconsin, Case No. 82–CR–181, for devising a scheme to defraud in violation of 18 U.S.C. § 1341 (Fraud and Swindles). Debtor was placed on three years' probation in order to make restitution in the amount of $7,450.00 as directed by the Probation Department.

3. On March 11, 1986, Debtor's probation was extended for two years until March 13, 1988, or until the restitution and other conditions of probation were satisfied.

4. Debtor made payments on said restitution in the amount of $405.00, but $7,045.00 still remains due and owing to Plaintiff under the terms and conditions of Debtor's probation.

5. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

■ 2. Plaintiff's claim for relief rests upon alternative theories. First, Plaintiff notes that Debtor was charged with and convicted of devising a scheme to defraud. Since 11 U.S.C. § 523(a)(2)(A) prohibits discharge of debts acquired through fraud, Plaintiff concludes that Debtor's restitution obligation (which presumably represents the amount defrauded) is nondischargeable. While the fraud of which Debtor was convicted is of the kind which is not dischargeable in bankruptcy, whether Debtor's conviction alone mandates that result depends upon whether the fraud issue was *actually litigated* in the criminal proceedings; for if it was not, principles of collateral estoppel neither require nor allow such a finding of nondischargeability based thereon. *In re Louis,* 49 B.R. 135, 138 (Bankr.E.D.Wis. 1985). In the case at bar, Plaintiff has failed to show that the fraud issue was actually litigated in the criminal proceedings. Therefore, Plaintiff is not entitled to a judgment under this theory.

■ 3. In the alternative, Plaintiff's claim rests upon 11 U.S.C. § 523(a)(7) which excepts from discharge any debt for a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." Construing this section in *Kelly v. Robinson,* —— U.S. ——, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) the Supreme Court held that a restitution obligation imposed as part of a criminal sentence by a *state* court is not subject to discharge in a Chapter 7 case. 107 S.Ct. at 361. Although the restitution obligation in the case at bar arose in connection with a sentence imposed by a *federal* rather than a state court, the rationale of *Kelly v. Robinson* applies equally to restitution obligations imposed under sentences for federal crimes. That rationale is simply that restitution is imposed in furtherance of the penal and rehabilitative purposes of the criminal justice system rather than merely to compensate victims of crime. *See,* 18 U.S.C. § 3579 (Order of Restitution) and its legislative history reported in 1982 U.S. Code Cong. & Adm. News 2515, 2536–2539. Since this rationale applies equally whether restitution is imposed as part of a state or federal system of justice, the Court holds that Debtor's restitution obligation is not dischargeable and that Plaintiff is entitled to a judgment for the amount of the obligation.

4. An Order consistent with this opinion will be entered this date.

5. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.