**In re Kenneth H. ROBERSON, Laura A. Roberson, Debtors.**

**Robert C. WARD, Plaintiff,**

v.

**Kenneth H. ROBERSON, Defendant.**

**Bankruptcy No. 2-86-03077.**

**Adv. No. 2-86-0314.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 12, 1988.

David B. Barnhart, Columbus, Ohio, for plaintiff.

Mark H. Gams, Columbus, Ohio, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SETTING TRIAL DATE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the merits of plaintiff Robert C. Ward's motion seeking summary judgment. The motion was opposed by defendant Kenneth H. Roberson and is before the Court for decision.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This complaint, which seeks to except a specific debt from the operation of the discharge in bankruptcy granted to the defendant, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and is a matter in which this Bankruptcy Judge may enter a final order.

The basis for the plaintiff's motion is a default judgment in his favor in the Court of Common Pleas of Pickaway County, Ohio. That judgment found the defendant to be guilty of willful and wanton misconduct in the operation of a motor vehicle in connection with an accident which apparently caused serious personal injury to the plaintiff. The plaintiff asserts that the finding of the state court, which resulted in a judgment in favor of the plaintiff in the amount of $1,500,000, establishes the willfulness and maliciousness of defendant's actions toward the plaintiff for purposes of an exception to discharge under § 523(a)(6) of the Bankruptcy Code. That assertion is premised either upon the use of collateral estoppel or upon a finding that operation of a motor vehicle in violation of state law is, *per se*, a willful and malicious act within the meaning of 11 U.S.C. § 523(a)(6).

The Court of Appeals for the Sixth Circuit has considered the assertion of a prior state court judgment as collateral estoppel in favor of a plaintiff in a dischargeability action in a later bankruptcy case where the original defendant in the state court action is the debtor. *Spilman v. Harley (In re Harley)*, 656 F.2d 224 (6th Cir.1981).

The *Spilman* court observed that the legal issue of the dischargeability of an obligation is not properly before the state court where its action both preceded the bankruptcy filing and involved an exception to discharge for which the Bankruptcy Court has exclusive jurisdiction. *Spilman*, 656 F.2d at 226. This proceeding under 11 U.S.C. § 523(a)(6) is such an action.

Collateral estoppel may be available, however, to prevent the redetermination of facts already decided by a state court when such facts were necessary to its judgment and were actually litigated in the first action. Where the pre-bankruptcy judgment was a default judgment, however, collateral estoppel does not bar the defendant in the state court action from attempting to prove facts necessary to defeat such an action in the context of a later dischargeability proceeding. *Spilman*, 656 F.2d at 227–228. Collateral estoppel, as a discretionary doctrine of judicial economy, is available only where the facts sought to be used in the later action were actually litigated or agreed upon by represented parties in the prior action. It does not encompass the offensive use of facts established only by default to preclude proof of contrary facts in a later action in which both parties are represented. *Spilman* at 228; *Shafer v. Wintrow (In re Wintrow)*, 57 B.R. 695 (Bankr.S.D.Ohio 1986).

The Court also finds that a violation of state law in the operation of a motor vehicle does not, without more, establish the willfulness and/or maliciousness of an action within the meaning of 11 U.S.C. § 523(a)(6). *Clair v. Oakes (In re Oakes)*, 24 B.R. 766 (Bankr.N.D. Ohio 1982). The willfulness and maliciousness of a defendant's actions are issues of mixed fact and law capable of establishment only by application of certain standards of law to the findings of facts in a particular case. The willfulness or maliciousness of a debtor's acts for purposes of 11 U.S.C. § 523(a)(6) are not found by implication, but from demonstrated intent. *Clair* at 770. Further, there has been no showing that "willful and wanton," under state law, describe the same behavior as "willful and malicious" within an exception to discharge action.

Based upon the foregoing, the Court finds that the plaintiff in this action cannot use a default judgment in his favor against the defendant, obtained in a state court action prior to the defendant's bankruptcy filing, to establish the willfulness and maliciousness of the defendant's actions for purposes of this dischargeability action.

Accordingly, material issues of fact remain in dispute and summary judgment would be inappropriate. See Fed.R.Civ.Proc. 56. Therefore, plaintiff's motion for summary judgment is denied and this matter shall proceed to trial on its merits on Wednesday, December 14, 1988 at 2:00 p.m., in Courtroom 130, United States Bankruptcy Court, 85 Marconi Boulevard, Columbus, Ohio 43215, unless other action is taken as the parties deem appropriate.

IT IS SO ORDERED.