**In re Antonio M. FRIAS and Rose M. Frias, Debtors.**

**Luis SILVA, Plaintiff,**

**v.**

**Antonio M. FRIAS and Rose M. Frias, Defendants.**

**Bankruptcy No. 91–10511.**
**Adv. No. 91–1112.**

United States Bankruptcy Court,
D. Rhode Island.

April 5, 1993.

Janet J. Goldman, Warwick, RI, for debtors/defendants.

Paul Gionfriddo, Providence, RI, for plaintiff.

Jason Monzack, Kirshenbaum & Kirshenbaum, Cranston, RI, Chapter 7 Trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before us is Plaintiff's Motion for Summary Judgment in an adversary proceeding brought to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(6).[1] On February 16, 1993, we entered an order denying summary judgment, based upon the existence of "a genuine dispute as to material fact, i.e. whether Defendants induced and obtained the employment of plaintiff by falsely representing that they were covered by Workers Compensation Insurance." *Silva v. Frias (In re Frias)*, Ch. 7 BK No. 91–10511, A.P. No. 91–1112 (Bankr.D.R.I. Feb. 16, 1993). The parties have now informed us that, by agreement, the fraud allegation has been removed from Plaintiff's complaint, and that the issue of misrepresentation is no longer present. Since it is also agreed that there is now no genuine dispute as to any material fact, the matter is ripe for summary judgment, pursuant to Fed.R.Bankr.P. 7056.

## FACTS

The parties have stipulated to the following facts:

1) Plaintiff, Luis Silva was employed as a cleaning person by Defendants, Antonio and Rose Frias, d/b/a Tony's Cleaning Company.

2) On May 21, 1990, Silva was injured on the job while lifting a heavy barrel of trash.

3) On the date of said injury, the Friases did not have workers' compensation insurance.

4) Silva applied for workers' compensation benefits at the Department of Labor, Division of Workers' Compensation, and was determined to be entitled to such benefits.

5) The Friases appealed to the Workers' Compensation Court, where the decision that Silva was entitled to workers' compensation benefits was affirmed.

6) Because the Friases did not have workers' compensation coverage, they, as self insurers, were responsible to pay the award personally, and they did make payments to Silva from May 1990 until January, 1991, when the instant Chapter 7 petition was filed.

## DISCUSSION

The narrow issue presented for determination is whether the Defendants' failure to carry workers' compensation insurance, per se, constituted "a willful and malicious injury" to the Plaintiff, as he alleges. Section 523(a)(6) provides: "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— ... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

The terms *willful* and *malicious* are not defined in the code; however, the legislative history to § 523 illuminates the meaning of willful as follows: "Under this paragraph 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320–21; S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865. The term *malicious* refers to one who acts in conscious disregard of his/her duty without just cause. *Madden v. Fate (In re Fate)*, 100 B.R. 141, 143 (Bankr.D.Mass. 1989), and the term *willful* requires an intentional act that necessarily leads to injury. *Perkins v. Scharffe*, 817 F.2d 392,

---

**1.** Although the Defendants refer to their responsive pleading as an objection, they appear to be seeking summary judgment. For simplicity's sake, we will continue to treat this objection as a cross motion for summary judgment.

394 (6th Cir.1987), *cert. denied,* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). *See also Denehy v. Zalowski (In re Zalowski),* 107 B.R. 431, 434 (Bankr.D.Mass. 1989); 3 *Collier on Bankruptcy* 523.16(1) (15th Ed.1992).

 In the instant case, based upon the record before us and the pleadings as modified, the Defendants were no doubt negligent, and may even have breached an express agreement in failing to provide workers' compensation insurance to their employees. However, the default by itself was not willful, since the omission *per se* did not cause the Plaintiff financial or physical injury. *See Aldridge v. Scott (In re Scott),* 13 B.R. 25, 26–27 (Bankr.C.D.Ill. 1981); *Zalowski* at 434; *Perkins* at 394. Failing to maintain insurance certainly created a risk that the employer might incur a personal financial liability, but that result was not so predestined that the Debtors' conduct may be deemed willful or malicious, as a matter of law. The fact that Silva was in fact injured on the job was not so inevitable that the failure to have insurance constituted a willful or malicious act.

Accordingly, based on the record before us, the Plaintiff's motion for summary judgment is DENIED, the Defendants' cross motion for summary judgment is GRANTED, and the claim filed against Antonio and Rose Frias by the Plaintiff is discharged.

Enter Judgment consistent with this opinion.