In re George ANNAN and Delores Annan, Debtors.

Carol TIBERI, Plaintiff,

v.

George ANNAN and Delores Annan, Defendants.

Bankruptcy No. 92–13526.
Adv. No. 93–1025.

United States Bankruptcy Court, D. Rhode Island.

Dec. 23, 1993.

Russell D. Raskin, Raskin & Berman, Providence, RI, for debtors/defendants.

Thomas W. Pearlman, Pearlman & Vogel, Providence, RI, for plaintiff.

Matthew McGowan, Chapter 7 Trustee, Salter, McGowan, Swartz & Holden, Inc., Providence, RI.

Jason Monzack, Kirshenbaum & Kirshenbaum, Cranston, RI, Trustee for Health Temps, Inc.

*DECISION AND ORDER*

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before us is Defendants' Motion for Summary Judgment in an adversary proceeding brought to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(6). There being no genuine dispute as to any material fact, this matter is ripe for summary judgment pursuant to Fed.R.Bankr.P. 7056.

*FACTS*

The Plaintiff, Carol Tiberi ("Tiberi"), was an employee of Health Temps, Inc., a Rhode Island corporation, which filed for bankruptcy on September 17, 1992. Defendants, George and Delores Annan ("the Annans"), were the officers and sole shareholders of Health Temps. On July 29, 1989, while working at Health Temps, Tiberi was injured, and at the time Health Temps had no workers' compensation insurance. Tiberi sued in the Workers' Compensation Court and obtained an order on May 12, 1992,

requiring Health Temps to pay workers' compensation benefits from July 30, 1989, and continuing. When Health Temps filed for bankruptcy, Tiberi commenced a Workers' Compensation action against the Annans, individually. This prompted their own Chapter 7 filing, on December 14, 1992, whereupon Tiberi filed the instant adversary proceeding against the Debtors on March 4, 1993, seeking to have her claim against them declared nondischargeable pursuant to § 523(a)(6).

Tiberi's complaint contains several causes of action, all based on the Annans' failure to provide workers' compensation insurance which, she alleges, constitutes a misdemeanor under Rhode Island law. *See* R.I.Gen. Laws § 28–36–15 (1986). In addition, she alleges that: (1) "[d]efendants, as employers have a fiduciary duty to the Plaintiff their employee. The breach of their fiduciary duty and criminal activity is exempt from discharge under proceedings. U.S. 11 C. 523(a)(6) [sic]," (Complaint, at ¶ 1); and (2) the assets of Health Temps were fraudulently conveyed to another corporation, H & T Medical, Inc.[1] The Annans request summary judgment in their favor on the ground that Tiberi misinterprets 11 U.S.C. § 523(a)(6), and that our decision in *In re Frias*, 153 B.R. 6 (Bankr.D.R.I.1993) is dispositive.

### DISCUSSION

■ The Bankruptcy Code exempts from discharge any debt or obligation "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In *In re Frias*, 153 B.R. 6, we held that an employer's failure to carry workers' compensation insurance may constitute negligence, but that this does not, per se, meet the "willful and malicious" standard required by the Bankruptcy Code. *See In re Frias*, 153 B.R. at 7–8, and cases cited therein.

In this instance, there is no dispute that Plaintiff was injured while in the employ of Health Temps, Inc.; that the Annans were its principals; or that Health Temps did not have workers' compensation insurance in force at the time of Tiberi's injury. We are at a loss, however, to understand how this translates into a finding of willfulness, or a conclusion that the debt is nondischargeable, especially since Health Temps' failure to provide workers' compensation insurance can in no way be construed to be the proximate cause of Tiberi's injuries. *See In re Frias*, 153 B.R. at 8. Neither can we impute willfulness or maliciousness to the Annans because their failure to carry insurance *may* constitute a misdemeanor.[2]

■ Even in the extreme situation where a debtor was found guilty of vehicular homicide, the bankruptcy court held that the debtor's conduct was not "willful and malicious," so as to render the claim for wrongful death nondischargeable, absent a showing of intent to injure. *Heatsch v. Stanfield (In re Stanfield)*, 14 B.R. 180, 182–83 (Bankr. N.D.Ohio 1981). In order for § 523(a)(6) to apply, petitioner must establish an *intent* to injure. *See In re Frias*, 153 B.R. at 7–8. Here, Carol Tiberi does not allege that the Annans intended to cause her injury and therefore, we have no alternative but to grant summary judgment, denying Tiberi's request that her claim be determined to be nondischargeable.

For the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED, and the debt in question is discharged.

Enter Judgment consistent with this opinion.

---

1. On November 17, 1993, we held a chambers conference and advised the Trustee of this fraudulent conveyance claim. The Trustee indicated his intention to investigate these allegations, and to take appropriate action, if warranted.

2. No criminal charges were brought against the Annans under R.I.Gen.Laws § 28–36–15.