In re Albert GALVAN, a/k/a Albert Joseph Galvan, Debtor.

The HARTFORD INSURANCE GROUP and Margaret Paden, Plaintiffs/Appellants,

v.

Albert GALVAN, a/k/a Albert Joseph Galvan, Defendant/Appellee.

Civ. A. No. 83–JM–2499.
Bankruptcy Adv. No. 83 G 1539.

United States District Court,
D. Colorado,
Civil Division.

May 16, 1984.

David W. Higgs, Law Offices of John E. Walberg, Denver, Colo., for plaintiffs/appellants.

Gary E. Hanisch, Walsenberg, Colo., for defendant/appellee.

ORDER

JOHN P. MOORE, District Judge.

THIS MATTER comes before me for review of an order of the bankruptcy court (Gueck, J.) discharging appellants' claim against the debtor. The specific issue presented is whether liability for property damage caused while the debtor was driv-

ing under the influence of alcohol involves a claim for "willful and malicious injury" by the debtor and therefore falls within one of the enumerated exceptions to the general rule of dischargeability. The bankruptcy court found appellants' debt was not a claim for willful and malicious injury and ruled the debt was dischargeable. Upon review of the record below, the briefs, case law, and legislative history, I come to a different conclusion and therefore reverse.

The essential facts disclosed by the record are undisputed. On May 24, 1980, the appellee-debtor, Albert Galvan ("debtor" or "Galvan"), while driving under the influence,[1] struck the residence of appellant Margaret Paden ("Paden") and caused property damage in the amount of $4,750.00. The Paden residence was insured by appellant Hartford Insurance Group ("Hartford"). Hartford, as subrogee of the claim of Paden, brought suit against Galvan in the Huerfano County District Court for the State of Colorado. Judgment in that action, entered upon stipulation, was in favor of Hartford in the amount of $4,550.00. The issue of willful and malicious conduct was never raised in the state court action.

Soon after the entry of the state court judgment, Galvan filed his petition for relief in bankruptcy. Hartford and Paden filed a claim in the bankruptcy court, asserting that under 11 U.S.C. § 523(a)(6) the judgment debt was not dischargeable. That section excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The bankruptcy court reasoned the debt was not one for willful and malicious injury because there was no showing the debtor acted with intent to cause injury or in a manner which would necessarily result in injury. Hartford and Paden now seek review of the bankruptcy court's ruling that their claim was not one for willful and malicious injury.

It is evident that "the boundaries of willful and malicious conduct causing injury to the person or property of another ... do not lend themselves completely to a clear and definite pattern available for ready use in every case involving the question of non-dischargeability." *Den Haerynck v. Thompson*, 228 F.2d 72, 74 (10th Cir.1955). Since the turn of the century, the leading case on this subject has been *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). In *Tinker*, the United States Supreme Court enunciated the rule that "willful and malicious" could include not only conduct undertaken with a specific intent to cause injury, but also actions evidencing a willful disregard of one's known duty or wrongful conduct which necessarily causes injury.

There is a disagreement about the continuing strength of *Tinker v. Colwell* since the enactment of the Bankruptcy Code. Legislative comments to § 523(a)(6) state "willful" means deliberate or intentional, and "[t]o the extent that *Tinker v. Colwell* [citation omitted] held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R. No. 95–595, 95th Cong. 1st Sess. at 365 (1977); U.S.Code, Cong. & Adm.News 1978, pp. 5787, 6320, 6321. Some courts have refused to recognize this comment as having any binding authority. *See, e.g., In re Simmons*, 9 B.R. 62 (Bkrtcy.S.D.Fla.1981); *In re Rines*, 18 B.R. 666 (Bkrtcy.M.D.Ga.1982); *In re Askew*, 22 B.R. 641 (Bkrtcy.M.D.Ga.1982). Other courts, relying upon this comment, have required specific intent on the part of the debtor before finding a debt non-dischargeable under § 523(a)(6). *See, e.g., In re Davis*, 26 B.R. 580 (Bkrtcy.D.R.I.1983); *In re Oakes*, 24 B.R. 766 (Bkrtcy.N.D.Ohio 1982). In the present case, the bankruptcy court in part followed the latter line of reasoning in its determination that appellants' claim was not one for "willful and malicious" injury to property.

---

1. At the time of the accident, Galvan's blood alcohol level was .172. In Colorado, a person is presumed intoxicated when his blood alcohol level measures .15.

It is my conclusion, however, that the enactment of 11 U.S.C. § 523(a)(6) worked no change in the concept of willful and malicious behavior, notwithstanding the legislative history and comments regarding *Tinker v. Colwell*. Analysis of legislative history is a useful tool where the language of the statute is ambiguous; however, in the present case, the language of the statute is clear. Thus, resort to committee reports, legislative comments, and the like is unnecessary. Moreover, when the Bankruptcy Code was enacted, the statutory language remained unchanged. It is presumed that when Congress drafts a statute it does so with full knowledge of the existing law; thus, if Congress intended there to be a different standard under the Bankruptcy Code than was formerly employed, it could have modified the language of the statute. *See In re Simmons, supra; In re Rines, supra.*

Having determined the meaning of "willful and malicious" remains unchanged under the Bankruptcy Code, appellants' claim must be examined in light of that standard. The analysis in the present case is complicated by the fact that at the time of the accident, Galvan was driving while intoxicated. The questions presented are whether Galvan's conduct was willful and malicious—or merely negligent, and whether the fact Galvan was intoxicated negates the requisite intent element.

Clearly, "willful"; means deliberate or intentional. 3 Collier on Bankruptcy (15th ed.) § 523.16. "Intentional" means acting with intent to bring about certain consequences. Restatement (Second) of the Law of Torts § 8A. Yet, the law has always recognized that intent may be implied from conduct. Where one follows a course of conduct which is so certain to bring about a particular result, it will be presumed from the conduct itself that the actor intended the result. Restatement (Second) of the Law of Torts, *supra*, at notes a and b. In other words, where a particular conse-

quence is so likely to flow from a course of conduct, one who embarks on that course will be treated as if he intended the result, even in the absence of evidence of specific intent to cause the injury.

The bankruptcy court declined to find Galvan's act of driving while intoxicated was the type of conduct which is so likely to cause damage that his injurious acts may be deemed intentional. I disagree with that conclusion. In my opinion, that result does not recognize the realities of drunken driving. At the time of the accident, the debtor had a blood alcohol content of .172. It was undisputed that Galvan had been drinking the night before and into the morning of the accident. Although Galvan may not have subjectively intended to inflict damage to the Paden residence, he embarked upon a course of conduct whereby the possibility of having an injury accident was so great as to be almost a certainty. Therefore the intent to cause the injury may be implied from the conduct.

According to this analysis, the injury inflicted by Galvan is deemed intentional. Thus, appellants' claim is one for willful and malicious injury to property, and it is not dischargeable in bankruptcy.

This result is consistent with the law in this circuit prior to the enactment of the Bankruptcy Code. In *Den Haerynck v. Thompson, supra*, it was held that a claim based upon a wrongful death judgment recovered from a motorist who was intoxicated at the time of the accident was not dischargeable in bankruptcy. There the court found the injury resulting from the debtor's operation of his automobile with "wanton disregard" for the rights of others a "willful and malicious injury," despite the fact the debtor did not act with the specific intent to cause the injury.[2]

That is not to say that acts of simple negligence may provide the basis for willful and malicious injury. Clearly, 11 U.S.C. § 523(a)(6) requires a much higher degree of misconduct before such an injury will be

---

**2.** *See also, Pelletti v. Membrila,* 234 Cal.App.2d 606, 44 Cal.Rptr. 588 (1965). (Where driver exhibited several elements of misconduct, including intoxication, the question of whether defendant's conduct was willful was a question for the jury.)

found. I find only that it is entirely consistent with traditional tort and bankruptcy principles to find the debtor in the present case, by driving under the influence of alcohol and damaging appellants' property, inflicted a willful and malicious injury. In my opinion, this is the type of injury which cannot be dischargeable. Accordingly, it is

ORDERED that the bankruptcy court order dated November 21, 1983, is reversed.