**In re Diana JORDAN, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**Diana L. JORDAN, Defendant.**

**Bankruptcy No. 84–0074.**
**Related Case: 83–02271.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 15, 1985.

Fuller & Henry, Toledo, Ohio, for plaintiff.

George F. Sprenger, Sprenger, Pardee, Koehn & Anderson, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Plaintiff in the above entitled adversary action. Although the Court granted the Defendant-Debtor's request for additional time in which to respond to this Motion, no response has been received. Accordingly, the Court has reviewed the Plaintiff's arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be GRANTED.

### FACTS

The Plaintiff in this action is the Trustee in another case that is currently pending before this Court. That case involves Bell and Beckwith, a stockbrokerage ordered into liquidation pursuant to the provisions of 15 U.S.C. § 78aaa *et seq.* on February 10, 1983. The Debtor in the present case was a customer of that brokerage. As stated in the Plaintiff's Complaint, in February of 1980, the Debtor's account at the brokerage was mistakenly credited with fifty shares of Shaklee Corporation stock. Those shares should have been deposited into the account of one Edward C. Jordan, another customer of the brokerage. Edward Jordan bears no apparent relationship to the Debtor.

On June 13, 1983, the Debtor sold the shares of Shaklee stock in her account to an undisclosed purchaser. In order to consummate the sale, the Debtor was required

**714**

to and did endorse the stock certificates. On December 30, 1983, the Debtor filed her voluntary Chapter 7 Petition with this Court. Her schedules listed the debt for the sale of these stocks in the amount of Three Thousand Four Hundred Twenty-seven and 13/100 Dollars ($3,427.13), the proceeds she received from the sale. Although she listed the claim as belonging to Oberwis, Inc., the brokerage to which Bell & Beckwith's accounts were transferred, the claim actually belongs to the estate of Bell & Beckwith. On January 18, 1984, the Plaintiff formally demanded from the Debtor return of the certificates or turnover of the proceeds therefrom. The Debtor failed to comply with either request. On March 13, 1984, the Plaintiff filed this adversary action, wherein he seeks to have the debt declared to be nondischargeable.

The Debtor, in her answer to the Complaint, has admitted that her account was credited with the shares in question. However, she denied any knowledge of the fact that she had no rights to those shares. She also admitted selling the shares, but specifically denied knowing that she was without authority to do so. In an effort to narrow the disputed facts in this case, the Plaintiff submitted to the Debtor requests for admission of certain details regarding the transaction. Included in this discovery proceeding were requests for admission that the Debtor knew that she was not the owner of the shares and that she had no authority to contract for their sale. The requests for admissions were never answered nor objected to by the Debtor.

Based on the assertion that the unanswered requests for admission establish sufficient facts to constitute an action for conversion, the Plaintiff has moved this Court for Summary Judgment. In that Motion the Plaintiff contends that there is no serious dispute as to any material fact and that he is entitled to judgment as a matter of law, both as to the action for conversion and as to the nondischargeability of the debt created thereby. Although the Debtor requested and received additional time beyond that customarily allowed for responding to motions for summary judgment, she has not filed any opposition.

## LAW

The allegations addressed by the Complaint require this Court to make several determinations. Initially, the Court must determine whether or not the sale of securities was a conversion of property. Secondly, if the sale was a conversion, the Court must determine the amount of damages incurred. Finally, it must be determined whether or not a debt for the conversion of property is dischargeable in bankruptcy.

### I

■ As to the issue of conversion, Federal Rule of Civil Procedure 36, as made applicable by Bankruptcy Rule 7036, states in pertinent part:

"(a) Request for Admission. A party may serve upon any other party a written request for the admission ... of the truth of any matters ... set forth in the request that relate to statements or opinions of fact ...

The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a writen answer or objection addressed to the matter, signed by the party or by his attorney..."

Under this rule, when requests for admissions are not answered within the prescribed time, the facts stated in the requests are deemed to be true and may be used as the basis for summary judgment. *United States v. Brown*, 31 F.R.D. 185 (W.D.Mo.1962), *Donovan v. Porter*, 584 F.Supp. 202 (D.Md.1984).

■ In Ohio, an action for conversion arises when a person wrongfully exercises dominion over the personal property of another in denial of the other's right to exercise such dominion. 18 Ohio Jur.3d *Conversion and Replevin* § 1. In order to prevail in this action, the plaintiff must demonstrate that the defendant 1) exercised dominion, 2) over the personal proper-

ty of another, 3) without authority to exercise that dominion, 4) in denial of the other's right to do so. It is not necessary to show that the defendant was motivated by any malicious intent or ill-will towards the property owner, although the presence of those factors may affect the degree of damages. 18 Ohio Jur.3d *Conversion and Replevin* § 61.

■ In the present case, the facts stated in the unanswered requests for admission are deemed to be true and, therefore, binding upon the Debtor. Those facts reflect that the Debtor had never purchased any shares of the Shaklee Corporation and that she had never received any authorization to hold such shares on anyone's behalf. They also indicate that she knew that the shares had mistakenly been credited to her account and that she voluntarily sold those shares without returning the proceeds to the brokerage. The Court notes that although the Debtor denied in her Answer certain facts which are now accepted as true, the evidentiary character of the admitted facts outweigh the significance attributable to her pleadings.

In view of these circumstances, it must be concluded that the Debtor wrongfully converted the stocks in question. It has been shown that the Debtor conducted the sale with the knowledge that she had not come into rightful possession of the certificates, and that she had not received any authority to dispose of them. Furthermore, her knowledge of the erroneous crediting to her account should have caused her to make some inquiry as to the proper owner of those securities. However, her subsequent sale of the shares, despite that knowledge, reflects clearly the intent to deprive the rightful owner of dominion over the property. Therefore, it appearing that the admitted facts establish all the necessary elements of the action, it must be concluded that the Debtor's sale was a wrongful conversion.

## II

The second issue which must be considered is the amount of damages incurred as a result of this conversion. This issue has not been addressed by the parties in any of the pleadings filed with this Court. However, the Plaintiff's Complaint prays for an award of Three Thousand Four Hundred Twenty-seven and 13/100 ($3,427.13), the amount of proceeds received by the Debtor from the sale. While an award of this amount would divest the Debtor of that which was wrongfully obtained, it does not necessarily represent the damages to which the Plaintiff is entitled.

■ As indicated at 18 Ohio Jur.3d *Conversion and Replevin* § 54, a plaintiff in a conversion action is entitled to recover the value of the property taken, with such value being determined as of the time and at the place of taking. It is unclear whether or not the conversion of stock certificates, with their readily fluctuating value, has any impact on the application of this rule. However, in the present case, there has been no evidence offered as to the value of the certificates, either at the time of taking or at the time this case was filed. Similarly, there has been no argument regarding the proper standard by which the damages incurred by a conversion of securities should be measured.

■ Nevertheless, by virtue of the fact that the Debtor was able to consummate a sale of the certificates for Three Thousand Four Hundred Twenty-seven and 13/100 Dollars ($3,427.13), there is some evidence of their value. Although this figure is not supported by any evidence as to the prevailing market price, it does indicate that a buyer was willing to pay this amount for fifty (50) shares of the Shaklee Corporation. Such a sale demonstrates, to a degree, the value placed upon these shares, inasmuch as both the buyer and seller were able to agree upon a price. In the absence of anything which more accurately reflects the actual value of the certificates, or which indicates that the circumstances surrounding the sale make the sale price unrepresentative of their true value, the Court must rely on the amount of proceeds as indicative of their worth. Accordingly,

it must be concluded that the Plaintiff is entitled to recover Three Thousand Four Hundred Twenty-seven and 13/100 Dollars ($3,427.13) as damages for the conversion.

## III

 The final consideration which must be made is whether or not an obligation created by the wrongful conversion of property is a debt which is dischargeable in bankruptcy. The dischargeability of debts is addressed by the provisions of 11 U.S.C. § 523(a) which state in pertinent part:

> "(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

It is well settled that under this section, the element of malice does not necessarily require that the act be done wrongful intent or malevolent purpose. Stated differently, it is not necessary to show that the debtor specifically intended to impose the resulting harm. It is sufficient to show that the debtor intended to do the act which resulted in harm to the creditor. *See, Aguilar v. Aguilar (In re Aguilar),* 33 B.R. 535 (Bkcy.N.D.Ohio 1983). The conversion of another's property, though not motivated by the intent to deprive the owner of the property, is an act which constitutes willful and malicious conduct within the contemplation of 11 U.S.C. § 523(a)(6). *See, Webster City Production Credit Ass'n. v. Simpson (In re Simpson),* 29 B.R. 202 (Bkcy.N.D.Iowa 1983).

In the present case, it has already been shown that the Debtor intentionally sold stock certificates which, at the time of sale, she knew were mistakenly credited to her account. This conduct, though not motivated by any animosity towards the brokerage, was done with reckless disregard for the rights of the party to whom the certificates belonged. Such actions demonstrate the type of malice addressed by the provisions of 11 U.S.C. § 523(a)(6). This is made especially apparent by the fact that the shares were sold with knowledge of the mistake and without any inquiry to correct the error. In view of these circumstances, it must be concluded that the obligation created by the Debtor's sale of stock and her subsequent retention of the proceeds is nondischargeable.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Motion for Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that the debt owed to the Plaintiff be, and is hereby, held NONDISCHARGEABLE in the amount of Three Thousand Four Hundred Twenty-Seven and 13/100 Dollars ($3,427.13).