In re Mara Joan SCHMEHL, aka Mara Joan Zwemke, Debtor.

Collette SCHMIDT and Michael Smith, Plaintiffs,

v.

Mara Joan SCHMEHL, aka Mara Joan Zwemke, Defendant.

Bankruptcy No. 84–0283.
Related Case 84–01335.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 24, 1986.

Steven Rowe, Columbus, Ohio, for plaintiff.

Mark Frankel, Findlay, Ohio, Thomas Karol, Toledo, Ohio, for defendant-debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

■ This cause comes before the Court upon the Complaint to Determine Dischargeability of Debt in the above entitled adversary action. The Court conducted a Pre-Trial conference in this case, at which the parties expressed their intent to contest an issue of law which stands as a threshold question in the resolution of this case. That issue involves the question of whether or not debts which arise as the result of the debtor's operation of a motor vehicle while under the influence of alcohol are *per se* dischargeable in bankruptcy. The parties have agreed that the Court may render a decision on this issue prior to any further prosecution of the case. Pursuant to that agreement, the parties have filed their arguments and have responded to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that debts which arise as the result of the Debtor's having driven an automobile while under the influence of alcohol are not *per se* dischargeable.

## FACTS

The facts in this case have not been fully developed, inasmuch as the Court has allowed the parties to address this threshold question. As set forth in the Complaint, the Plaintiff alleges that on or about January 3, 1983, the Debtor-defendant was involved in an automobile accident with the Plaintiffs. They further allege that the Debtor caused the accident, and that at the time of the accident the Debtor was under the influence of alcohol. The Complaint states that as a result of this accident they sustained injuries, and that they are entitled to compensation from the Debtor for those injuries. The Plaintiffs claim that this debt should be excepted from discharge based upon the provisions of 11 U.S.C. Section 523. The Debtors petition was filed on August 21, 1984.

## LAW

■ The Plaintiffs do not set forth with specificity the provisions of 11 U.S.C. Section 523 under which they assert their nondischargeability claim. However, a review of the Complaint appears to reflect that they are proceeding under 11 U.S.C. Section 523(a)(6), the provisions of which state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Under this provision, any debt which arises as the result of the debtor's willful and malicious conduct is not dischargeable. In order to constitute a nondischargeable debt, the conduct must have been both willful and malicious. *Thorp Credit & Thrift Co. v. Pommerer (In re Pommerer)*, 10 B.R. 935 (Bkcy.D.Minn.1981), *Roberson v. Schwenn (Matter of Schwenn)*, 44 B.R. 746 (Bkcy.E.D.Wis.1984). Willful conduct is that conduct which is deliberate, intentional, and voluntarily undertaken by the debtor, and which is sufficient to cause the wrongful act. *See, Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). This element of the cause of action addresses the question of whether the conduct transpired under circumstances over which the Debtor had meaningful control. As for the element of malice, malicious conduct is that conduct which is done without just cause, or for which their is no rational justification. *Wiseman v. Weingarten (In re Weingarten)*, 49 B.R. 881 (Bkcy.N.D.Ohio 1985). It is not necessary that the debtor have acted with ill-will or

malevolent purpose towards the victim, *McGraw v. Jordan (In re Jordan)*, 47 B.R. 712 (Bkcy.N.D.Ohio 1985), or that the debtor intended to harm the victim. *Materia v. Pereira (In re Pereira)*, 44 B.R. 248 (Bkcy. Mass.1984). It is sufficient that the debtor knew, at the time the act was committed, that the act was wrongful.

There are two views as to the question of whether or not debts arising from the operation of a vehicle while under the influence of alcohol are dischargeable in bankruptcy. One view contends that the negligent operation of a vehicle is not necessarily associated with the fact that the driver of the vehicle was intoxicated at the time of such operation. *See, Gunther v. Kuepper (In re Kuepper)*, 36 B.R. 680 (Bkcy.E.D.Wis. 1983), *Clair v. Oakes (In re Oakes)*, 24 B.R. 766 (Bkcy.N.D.Ohio 1982), *Castiglia v. Morgan (Matter of Morgan)*, 22 B.R. 38 (Bkcy.D.Neb.1982). These cases draw a distinction between the operation of the vehicle and the consumption of alcohol prior to that operation. The Courts which support this view indicate that the consumption of alcohol is not, of its own accord, a willful and malicious act. They also indicate that if the Debtor's operation of the vehicle is merely negligent, then such negligence cannot be considered willful and malicious conduct for purposes of a dischargeability determination. In effect, these decisions disassociate the consumption of alcohol with the operation of the vehicle. *See, Clair v. Oakes*, supra.

The other view does not make the distinction between consumption and operation. Unlike the first theory, the second view holds that the operation of a vehicle while under the influence of alcohol demonstrates sufficient disregard for the rights of others so as to constitute a malicious act for purposes of 11 U.S.C. Section 523(a)(6). *See, Moraes v. Adams (In re Adams)*, 761 F.2d 1422 (9th Cir.1985), *Hartford Insurance Group v. Galvan (In re Galvan)*, 39 B.R. 663 (D.Col.1984), *Caldarelli v. Callaway (In re Callaway)*, 41 B.R. 341 (Bkcy.E.

D.Pa.1984), *Long v. Greenwell (In re Greenwell)*, 21 B.R. 419 (S.D.Ohio 1982). In supporting this view, the Courts have stated that where a debtor follows a course of conduct which is so certain to bring about a particular result, it is presumed from the conduct that the debtor intended the result. *Hartford Insurance Group v. Galvan*, supra.

■ It is well established that all persons are presumed to know the law. *See, Morris v. Bloomgren*, 127 Ohio St. 147, 187 N.E. 2 (1933), *see generally*, 42 Ohio Jur.3d *Evidence and Witnesses* Section 143, 29 Am.Jur.2d Evidence Section 222. Any conduct which violates the provisions of a law must be considered to have been done with knowledge of the fact that the conduct is unlawful. Since the provisions of 11 U.S.C. Section 523(a)(6) only require that the conduct in question be known to be unlawful at the time it occurs, it must be concluded that any act which violates the provisions of a statute is malicious for purposes of dischargeability determinations.

■ The conclusion just reached is particularly applicable in cases where debts resulting from the operation of a motor vehicle while under the influence of alcohol are in question. Driving under the influence of alcohol is a criminal offense by the provisions of Ohio Revised Code Section 4511.19. Although operating an automobile after consuming alcohol is not, in and of itself, an illegal act, such conduct becomes illegal when a person's blood-alcohol content is sufficient to impair the person's ability to safely operate the vehicle. If the blood-alcohol level exceeds the limits prescribed by statute, then the person's conduct is made criminal by operation of law, regardless of whether or not the person intended to violate the statute. Intent is not an element of the offense.

When a person voluntarily assumes control of a vehicle after consuming a quantity of alcohol, he assumes the risk that his conduct will be found to be criminal. If

such liability is found, then it is presumed that the person knew his operation was unlawful. Since the presumption of the debtor's knowledge of the law reduces illegal conduct for purposes of 11 U.S.C. Section 523(a)(6), it must be concluded that any obligations which arise as the proximate result of, or are immediately attendant to, the operation of a vehicle while under the influence of alcohol may be the products of willful and malicious conduct. As indicated by the provisions of 11 U.S.C. Section 523(a)(6), those debts are not dischargeable.

It should be noted that the parties have addressed the question as to whether the reckless disregard standard recognized in *Tinker v. Colwell,* supra, was effectively overruled with the enactment of the Bankruptcy Code, and whether the reckless disregard standard should be considered when determining the dischargeability of a debt which arose from the operation of a vehicle while under the influence of alcohol. As has been previously explained, the reckless disregard standard is not relevant to this determination, inasmuch as the intent to commit the act is formed at the time the debtor decides to assume control of a vehicle. Since the term malicious only requires an intent to commit a wrongful act, the fact that the commission of the act demonstrates a reckless disregard for the safety of others is not a fact which need be considered.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that any continued prosecution of this case will be conducted pursuant to and consistent with this Opinion.

It is FURTHER ORDERED that a Pre-Trial conference in this case be, and is hereby, set for Thursday, February 20, 1986, at 2:30 o'clock P.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.