**In re Robert L. CLAYBURN, Debtor.**

**OREGON FORD, INC., Plaintiff,**

**v.**

**Robert L. CLAYBURN, Defendant.**

Bankruptcy No.: 86–0045.
Related Case: 86–00050.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 28, 1986.

Robert H. Welly, Oregon, Ohio, for plaintiff.

Douglas Perras, Walbridge, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Trial on the Complaint To Determine Dischargeability in the above entitled adversary action. The Court has heard both the evidence and arguments presented by each of the parties in this case. The parties have also been afforded the opportunity to file any post-trial arguments they wished the Court to consider. The Court has reviewed the evidence, the arguments, and the entire record in this case. Based upon that review and for the following reasons the Court finds that the debt in question should be held non-dischargeable.

## FACTS

Although this case has proceeded to Trial, the facts do not appear to be in serious dispute. On or about August 30, 1985, the Defendant-Debtor executed a contract with the Plaintiff for the rental of an automobile. It appears that the Debtor's own vehicle was being repaired by the Plaintiff, and that the rental vehicle was to serve as transportation for the Debtor until the repairs were completed. The vehicle rented was a beige 1985 Ford Escort. At the time the contract was executed the vehicle was in good working condition and was without any serious defects.

On or about September 7, 1985, the Debtor was driving the rented vehicle on State

Route 795 in the State of Ohio. Several witnesses testified that they observed a vehicle similar to the one rented by the Debtor being driven at a rate of speed significantly in excess of the posted speed limit. They also testified that the vehicle was being driven in an "erratic manner", often going off the side of the road and weaving between cars. One witness described the operation of the car as "abusive". Another witness testified that he was required to make an abrupt maneuver in order to avoid colliding with this vehicle as it passed him. One witness indicated that if he had not slowed, the beige vehicle, which was completing a pass of the witness's car, would have struck a tractor-trailer that was approaching from the opposite direction.

Although no one observed the actual accident, the witnesses testified that within one or two minutes after their original observation of the beige vehicle, they came across the scene of a single car mishap involving the beige Ford Escort. One witness testified that the person involved in the accident was the same person he observed driving the vehicle a short time before. Each of the witnesses who stopped at the scene of the accident identified the Debtor as one of the two persons involved in the crash. The Debtor testified that he has no recollection of either his operation of the vehicle or the accident. Apparently, the Debtor, in attempting to negotiate a curve in the road, lost control of the vehicle. It appears that the car rolled several times, eventually coming to rest on its roof. Although the Debtor received a relatively minor injury to his head, the testimony reflects that his mannerisms demonstrated a degree of uncertainty as to his balance and his whereabouts.

Shortly after the accident occurred, an Ohio State Highway Patrolman appeared on the scene. This officer testified that he observed the Debtor for a brief period of time during his attendance at the accident scene. During his observation he noticed that there was a distinct odor of intoxicants about the Debtor's person. As a result of this observation, the officer requested that a blood-alcohol test be given to the Debtor. This request was made at the hospital where the Debtor was eventually taken for treatment of his injury. The test was administered approximately one and one-half hours after the accident.

In addition to making the request for a blood test, the officer interviewed the Debtor at the hospital. During this interview, the Debtor admitted that he had had several "beers" earlier in the day, and that he had previously used cocaine. The officer discovered a syringe on the Debtor which ultimately revealed a residue of cocaine. It does not appear that a test was made of the Debtor to determine if, at the time of the accident, he was under the influence of any substance other than alcohol. However, the blood-alcohol test indicated that the Debtor had .05 percent alcohol in his bloodstream at the time the test was administered.

The officer further testified that he investigated the accident prior to interviewing the Debtor at the hospital. It appears that the officer has been specifically trained in accident investigation techniques and has investigated numerous accidents in the past. Based upon his training and upon his observations of the evidence, the officer was able to formulate an opinion as to the vehicle's speed at the time of the accident. He indicated that in order for this accident to have occurred, the vehicle would have to have been traveling approximately eighty (80) miles per hour. It should be noted that the officer's conclusions do not take into consideration any factors for alcohol or drugs which may have contributed to the operation of the vehicle.

As a result of the accident, the Plaintiff made a claim against the insurance company which insured the vehicle. Although the insurer has paid to the Plaintiff the amount of its loss, the policy included a Five Hundred and no/100 Dollars ($500.00) deductible clause, wherein the Plaintiff would be required to assume responsibility for the first Five Hundred and no/100 Dol-

lars ($500.00) of damage. Based upon the fact that the car was totally demolished in the accident, and that the insurer has compensated the Plaintiff for the value of the vehicle minus Five Hundred and no/100 Dollars ($500.00), the Plaintiff asserted a claim against the Debtor for the amount of the deductible.

The Debtor filed his voluntary Chapter 7 Petition with this Court on January 10, 1986. In the schedules filed with that Petition, the Debtor lists the Plaintiff as an unsecured creditor in the amount of Seven Hundred Thirty-nine and 24/100 Dollars ($739.24). It should be noted that this amount represents the total amount due on the rental contract plus the claim for the deductible. In response to the petition, the Plaintiff filed the above entitled adversary action. In this case, the Plaintiff seeks to have its claim for Five Hundred and no/100 Dollars ($500.00) found to be nondischargeable. The allegation set forth in the Complaint states that the Debtor's operation of the vehicle was sufficiently wanton so as to constitute willful and malicious conduct for purposes of 11 U.S.C. § 523(a)(6). The Debtor denies these allegations, arguing instead that his conduct, though reckless, does not fall within the scope of what may be characterized as willful and malicious for purposes of 11 U.S.C. § 523(a)(6).

### LAW

■ The provisions of 11 U.S.C. § 523(a) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the propery of another entity ...

Under these provisions, any debt which arises from conduct which is willful and malicious will not be discharged under Title 11. In order to constitute a nondischargeable debt, the conduct must have been both willful and malicious. *Thorp Credit & Thrift Co. v. Pommerer (In re Pommerer)*, 10 B.R. 935 (Bkcy.E.D.Minn.1981), *Ro-*berson v. Schwenn (Matter of Schwenn)*, 44 B.R. 746 (Bkcy.D.Wis.1984). Willful conduct is that conduct which is deliberate, intentional, and voluntarily undertaken by the debtor, and which is sufficient to cause the wrongful act. *See, Tinker v. Colwell*, 192 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). This element of the action addresses the question of whether the conduct transpired under circumstances over which the debtor had meaningful control. As for the element of malice, malicious conduct is that conduct which is done without just cause or excuse, or for which there is no justification. *Wiseman v. Weingarten (In re Weingarten)*, 49 B.R. 881 (Bkcy.N.D. Ohio 1985). It is not necessary that the debtor have acted with ill-will or malevolent purpose towards the victim, *McGraw v. Jordan (In re Jordan)*, 47 B.R. 712 (Bkcy.D.N.Ohio 1985), or that the debtor intended to harm the victim. *Materia v. Pereira (In re Pereira)*, 44 B.R. 248 (Bkcy. D.Mass.1984). It is sufficient that the debtor knew, at the time the act was committed, that the act was wrongful.

■ Furthermore, it is well established that all persons are presumed to know the law. *See, Morris v. Bloomgren*, 127 Ohio St. 147, 187 N.E. 2 (1933), *see generally*, 42 Ohio Jur.3d *Evidence and Witnesses* § 143, 29 Am Jr.2d *Evidence* § 222. Any conduct which violates the provisions of a statute must be considered to have been done with the knowledge of the fact that the conduct is unlawful. Since the element of malice, as found in 11 U.S.C. § 523(a)(6), only requires that the conduct in question be known to be unlawful at the time it occurs, any unlawful conduct which gives rise to a debt is considered to be malicious. *See, Schmidt v. Schmehl (In re Schmehl)*, 57 B.R. 546 (Bkcy.N.D.Ohio 1986).

■ In the present case, the evidence clearly reflects that both prior to and at the time of the accident, the Debtor was operating the rented vehicle significantly in excess of the lawful speed limit. It is also apparent that in addition to the speed, the vehicle was being driven in a fashion proscribed by Ohio Revised Code § 4511.20.

These violations of statute, in and of themselves, constitute willful and malicious conduct. Therefore, any debt which arises as the proximate result of such conduct will not be discharged. *See, Schmidt v. Schmehl*, supra. Since the evidence in the present case indicates that the accident which gave rise to the Plaintiff's claim was the proximate result of the Debtor's unlawfully excessive speed and reckless operation of the vehicle, it must be concluded that this debt should not be discharged.

The Debtor has argued that he did not specifically intend to cause damage to the Plaintiff's vehicle. Accordingly, the Debtor argues that his conduct, though unlawful and reckless, was not specifically intended to harm the Plaintiff. Therefore, it is argued that it cannot be considered to be willful and malicious. In asserting this argument, the Debtor has relied on the expression of congressional intent which underlies the enactment of 11 U.S.C. § 523(a)(6). Specifically, it is argued that the legislature intended to overrule the reckless disregard standard which was previously applicable in nondischargeability cases. *See,* S.Rep. No. 95–989, to accompany S. 2266, 95th Cong., 2d Sess. (1978) pp. 77–79, U.S.Code Cong. & Admin.News 1978, pp. 5862, 5865. In support of his argument, the Debtor has cited this Court to several decisions, wherein the Court has, for purposes of dischargeability determinations, drawn a distinction between the unlawfulness of certain conduct and the intent with which the conduct is carried out. *See for example, Pargas v. Poore (In re Poore)*, 37 B.R. 246 (Bkcy.D.N.M.1982). It is argued that the absence of any intent to damage the vehicle removes the debt from the scope of 11 U.S.C. § 523(a)(6).

The Debtor's argument, though worthy of merit under certain circumstances, is not applicable in the present case. As stated in *Schmidt v. Schmehl*, supra, this Court does not subscribe to the distinction made by some Courts between the intent to do harm and the intent to do the act from which harm results. Furthermore, the reckless disregard standard is only available in circumstances in which a debtor, during the course of lawful conduct, carries out that conduct in a fashion which demonstrates reckless disregard for the safety of others. Where, however, a debtor's conduct constitutes a violation of law, the presumed knowledge of the law and the intent to do an act which violates that law is sufficient to constitute malice for purposes of 11 U.S.C. § 523(a)(6). Therefore, it must be concluded that the Debtor's argument is without merit.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment be, and is hereby, entered for the Plaintiff.

It is FURTHER ORDERED that the Debtor's debt to the Plaintiff be, and is hereby, found to be nondischargeable in the amount of Five Hundred and no/100 Dollars ($500.00).