### In re Andrew J. USTASZEWSKI, Debtor.

### Denise A. HOFFMAN, Plaintiff,

### v.

### Andrew J. USTASZEWSKI, Defendant.

**Bankruptcy No. 84–0265.**
**Related Case: 84–01356.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 10, 1987.

Harold M. Steinberg Holland, Ohio, for plaintiff.

Terry J. Lodge, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Plaintiff in the above entitled action. The parties have submitted their written arguments respecting the merits of this Motion and have had the opportunity to respond to the arguments filed by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be denied.

### FACTS

The facts in this case, to the extent they appear in the record, are not in serious dispute. On May 30, 1982, at approximately 2:30 o'clock A.M., the Defendant-Debtor was operating an automobile in the southbound lane of Crissey Road in Lucas County, Ohio. The Plaintiff was the passenger on a motorcycle being driven in the Northbound lane by a person who is not a party to these proceedings. The evidence reflects that the Debtor's vehicle crossed the center line and struck the Plaintiff's vehicle. It appears that each of the vehicles were traveling approximately forty to forty-five miles per hour. There is some indication that the Debtor's vehicle was being operated in an erratic manner immediately prior to the collision, such evidence was offered in the unsworn statement given to the police by the driver of the motorcycle.

As the result of the collision, the motorcycle riders were thrown in or near a ditch which ran parallel to Crissey Road. While it appears that they both sustained injuries, the Plaintiff's injuries were apparently more severe than the operator's. The evidence indicates that immediately after the

accident, the Debtor either slowed his vehicle or brought it to a complete stop. However, it also reflects that very shortly thereafter the Debtor departed the accident scene without attempting to render aid or notify the authorities. Despite the Debtor's departure, it appears that the motorcycle victims were aided by another motorist who came across the scene shortly after the accident occurred.

Shortly after being notified, the police appeared at the scene of the accident. As a part of their activities, they conducted an investigation of the accident scene in an effort to determine the identity of the automobile operator. On the following day, the Debtor was identified by the authorities as the person involved in the collision. At the time of this identification, the Debtor admitted to his involvement in the accident.

On August 26, 1983, the Plaintiff filed an action in the Lucas County Court of Common Pleas against the Debtor. The purpose of this action was to seek compensatory and punitive damages from the Debtor for the injuries she sustained in the accident. During discovery proceedings in that case, the Debtor admitted that at the time of the accident he was "very tired and sleepy". He also admitted that he "... shared one pitcher of draft beer over an approximate three hour period ..." prior to the accident. He further admitted that he first became aware of the motorcycle when it was only five to ten feet in front of his automobile. It does not appear that any judgment has been entered in the Plaintiff's state Court action.

The Debtor filed his voluntary Chapter 7 Petition with this Court on August 23, 1984. On the schedules which accompany that petition, the Debtor listed the Plaintiff as an unsecured creditor with a disputed unliquidated claim of $5,000,000.00. In response to the filing of the petition, the Plaintiff filed the above entitled adversary action. In this case, the Plaintiff seeks a determination that the obligation owed to her by the Debtor as a result of the accident is not dischargeable under Title 11. Specifically, the Plaintiff seeks a determination that the debt owed to her was the result of the Debtor's willful and malicious conduct. She also asserts that the debt should be found non-dischargeable as a result of the fact that the obligation arose from the Debtor's operation of a motor vehicle while under the influence of alcohol.

The Motion presently before the Court seeks a summary adjudication of those claims set forth in the Plaintiff's Complaint. In asserting this Motion, the Plaintiff contends that the record demonstrates sufficient facts so as to preclude any question as to the character of the Debtor's conduct on the night in question. Specifically, she contends that the Debtor's admission of alcohol consumption and the failure to stop at the scene of the accident demonstrates sufficient willful and wanton conduct so as to warrant a finding of nondischargeability. In support of this Motion, the Plaintiff has offered the Answers To Interrogatories filed by the Debtor in the state Court action, the police report, the statements given to the police by the victims, and the affidavit of the Plaintiff. In that affidavit the Plaintiff avers to the fact that prior to the accident she observed the Debtor's vehicle being operated in an erratic manner. She also avers that operator of the motorcycle attempted to avoid the accident, and that after striking the motorcycle the Debtor fled from the scene.

The Debtor opposes the Motion For Summary Judgment, arguing that the operation of a vehicle while under the influence of alcohol is not conduct which can be considered to be willful and malicious for purposes of dischargeability determinations. In this regard, the Debtor also argues that the evidence presently before the Court is wholly insufficient to establish his intoxication at the time the accident occurred. In addition, the Debtor asserts that the provisions which specifically except from discharge debts arising from driving under the influence of alcohol are not applicable in this case, inasmuch as the provision did not become operative until after the time the Debtor's case was filed. It should be noted that the Debtor offers no independent evidence in support of his opposition to the Plaintiff's Motion.

## LAW

■ The provisions of 11 U.S.C. § 523(a) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Under these provisions, any debt which results from the willful and malicious conduct of the debtor is not dischargeable under Title 11. *McGraw v. Jordan (In re Jordan)*, 47 B.R. 712 (Bkcy.N.D.Ohio 1985). As stated in *McGraw v. Jordan*, supra, a finding of willful and malicious conduct is not dependent upon the existence of an intent to cause the resulting harm. It does, however, require a showing that the debtor intended to do the act which resulted in harm.

■ A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson (In re Benson)*, 33 B.R. 572 (Bkcy.N.D.Ohio 1983), *Simmons v. Landon (In re Landon)*, 37 B.R. 568 (Bkcy.N. D.Ohio 1984). In an action under 11 U.S.C. § 523(a)(6), a plaintiff must demonstrate that the debtor's conduct was both willful and malicious.

■ This Court has already determined that any debt arising from the operation of a vehicle while under the influence of alcohol is nondischargeable. *See, Schmidt v. Schmehl (In re Schmehl)*, 57 B.R. 546 (Bkcy.N.D.Ohio 1986). In that decision, the Court expressed its view relative to the prevailing dispute as to whether driving under the influence constitutes willful and malicious conduct for purposes of 11 U.S.C. § 523(a)(6). As stated in that Opinion, this Court regards the operation of a vehicle while under the influence of an intoxicant as conduct which is so certain to bring about a particular result that a presumption arises as to the driver's intent to bring about that result. Such conduct expresses sufficient disregard for the rights of others so as to permit the conduct to be characterized as willful and malicious for purposes of 11 U.S.C. § 523(a)(6).

■ While this Court also stated that any violation of statutory law constitutes a malicious act, *Schmidt v. Schmehl,* supra, *see also, Oregon Ford, Inc. v. Clayburn (In re Clayburn )*, 67 B.R. 522 (Bkcy.N.D. Ohio 1986), the provisions of 11 U.S.C. § 523(a)(6) also require a finding that the conduct was done willfully. Stated differently, the conduct in question must have been accomplished with knowledge of the fact that it would be in violation of existing law. Where a person drives an automobile while under the influence of alcohol, the act of driving while under that influence is a voluntary act which satisfies the requirements under 11 U.S.C. § 523(a)(6) for willful conduct. Although a driver may not be aware, at the time he takes control of the vehicle, that he is under the influence, he assumes the risk that he may later be found to be under the influence. Irrespective of whether or not he was aware of his intoxicated condition, the fact that he voluntarily drove a vehicle after consuming alcohol is sufficient grounds upon which to find a willful act. Where, however, a person unintentionally or without intent to violate a statute, commits an act which results in a statutory violation, such conduct is not considered willful and malicious for purposes of 11 U.S.C. § 523(a)(6). While such a violation may still subject the person to the sanctions available under the violated statute, it cannot serve as the basis for a willful act under 11 U.S.C. § 523(a)(6).

A review of the record in this case finds that the Debtor has admitted to consuming an alcoholic beverage at some time during the three hour period which preceded the accident. The Debtor also admitted that at the time of his operation of the vehicle he was very tired and sleepy. The police report indicates that the Debtor's car had crossed left-of-center at the time of the accident. Finally, the Plaintiff has avered

in her affidavit that the Debtor's vehicle was being operated in an erratic manner immediately prior to the accident.

■ While a review of the foregoing evidence presents the possibility that the Debtor was intoxicated, it does not preclude all reasonable questions of fact regarding the Debtor's state of sobriety. As stated in *Schmidt v. Schmehl,* supra, the operation of a vehicle after consuming alcohol is not, in and of itself, an unlawful act. Accordingly, the Debtor's admission of alcohol consumption sheds little light on the degree to which that consumption impaired his driving ability. Without additional evidence which demonstrates that the Debtor was, in fact, intoxicated, or that the accident was motivated by some malevolent intent, there is significant question as to whether the Debtor's operation of the automobile was a willful and malicious act. The existence of this question precludes the availability of summary adjudication. Therefore, the Motion For Summary Judgment should be denied.

■ The Plaintiff has argued that the Debtor's failure to stop and render aid constitutes an act which, of itself, warrants a finding of willful and malicious conduct. It must first be recognized that this conduct, though unlawful in Ohio and morally unconscionable, was not the cause of the Plaintiff's injuries. Such conduct occurred subsequent to the accident. However, even if the Plaintiff's injuries could, in part, be attributed to the Debtor's failure to render aid, there is insufficient evidence presently before the Court to determine to what extent, if any, the injuries were exacerbated by the Debtor's failure.. Accordingly, the Plaintiff's argument on this issue is not sufficiently persuasive so as to warrant sustaining the Motion.

It should be noted that in the answers to interrogatories and the police reports offered by the Plaintiff, there exists evidence which, in and of itself, creates a question of material fact. As previously stated, the Debtor admitted he was both tired and sleepy immediately before the accident. The police report suggests that the driver of the automobile may have been asleep at the time it crossed the center line. These facts clearly present the possibility that the Debtor may simply have fallen asleep during his trip home. This possibility presents a question of material fact as to whether the vehicle's crossing of the center line was the result of the Debtor's negligence, or whether it resulted from the Debtor's impairment by alcohol. As previously indicated, such questions foreclose the availability of summary judgment.

It should also be pointed out that the Plaintiff has based, in part, the nondischargeability of the debt on the provisions of 11 U.S.C. § 523(a)(9) as they relate to the question at hand. However, as indicated by the Debtor, the applicable provisions of 11 U.S.C. § 523(a)(9) were part of the amendments to the Bankruptcy Code which were signed into law on July 10, 1984. Included in those amendments was a provision which set forth the effective dates of the respective sections of the legislation. While the jurisdictional amendments became effective with the enactment of the legislation, the amendments to the substantive provisions of Title 11 did not become operative until October 9, 1984. *See,* P.L. 98–353 § 553(a). As a result, the substantive amendments are not applicable to cases filed prior to that date. Since the Debtor's Petition was filed on August 23, 1984, 11 U.S.C. § 523(a)(9) cannot be used to assert the nondischargeability of the Debtor's debt.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Motion For Summary Judgment be, and is hereby, DENIED.