**OREGON FORD, INC.,**
**Plaintiff-Appellee,**

v.

**Robert L. CLABURN,**
**Defendant-Appellant.**

**No. C 86-7770.**

United States District Court,
N.D. Ohio, W.D.

April 15, 1987.

Robert H. Welly, Huffman, Schlageter, Welly, Oregon, Ohio, for plaintiff-appellee.

Douglas L. Perras, Robert W. Scott & Assoc., Walbridge, Ohio, for defendant-appellant.

## OPINION AND ORDER

JOHN W. POTTER, District Judge.

This cause is before the Court on appeal from Bankruptcy Court pursuant to Rule 8001 of the Bankruptcy Rules of Procedure. Both parties have filed briefs, and the case is ready for disposition.

The standard of review is established by Rule 8013 of the Bankruptcy Rules, which in part states:

> On appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

This "clearly erroneous" standard for judicial review applies only to the bankruptcy judge's findings of fact, and the Court is not bound by the bankruptcy judge's conclusions of law if they are found to be erroneous. See *In re Fielder*, 799 F.2d 656 (11th Cir.1986).

The facts of this case are not in dispute. Therefore, the Court will adopt by reference the facts as presented by Judge Speer in his memorandum opinion and order dated August 23, 1986.

The issue presented on appeal is whether the decision of the bankruptcy court, holding that defendant-debtor's (appellant) debt to plaintiff-creditor arising out of the automobile accident was non-dischargeable on the basis of 11 U.S.C. § 523(a)(6) as a "willful and malicious injury by the debtor to another entity or to the property of another entity" was erroneous.

The pertinent provisions of 11 U.S.C. § 523 are as follows:

> (a) A discharge under section 727, 1141, or 1328(b) from this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

The Bankruptcy Court concluded that appellant's debt was nondischargeable as a result of appellant operating the rented vehicle in excess of the lawful speed limit, and in a fashion proscribed by Ohio Rev. Code § 4511.20 (Reckless operation of vehicle). The Bankruptcy Court held the following:

> These violations of statute, in and of themselves, constitute willful and malicious conduct.

Memorandum Opinion and Order, Judge Speer, page 5. The Bankruptcy Court supported this conclusion by use of the holding in *Schmidt v. Schmehl*, 57 B.R. 546 (Bkcy. N.D.Ohio 1986).

Appellant contends that he did not specifically intend to cause damage to appellee's vehicle. Thus, appellant suggests that this conduct, though unlawful and reckless, was not specifically intended to harm appellee. Judge Speer, in response to this argument, held the following:

> The Debtor's argument, though worthy of merit under certain circumstances, is not applicable in the present case. As stated in *Schmidt v. Schmehl*, supra, this Court does not subscribe to the distinction made by some Courts between the intent to do harm and the intent to do the act from which harm results. Furthermore, the reckless disregard standard is only available in circumstances in which a debtor, during the course of lawful conduct, carries out that conduct in a fashion which demonstrates reckless

disregard for the safety of others. Where, however, a debtor's conduct constitutes a violation of law, the presumed knowledge of the law and the intent to do an act which violates that law is sufficient to constitute malice for purposes of 11 U.S.C. § 523(a)(6). Therefore, it must be concluded that the Debtor's argument is without merit.

Memorandum, supra, page 6.

In a review of the relevant case law and the historical development of such, this Court finds that prejudicial error did result from the application of erroneous legal principles by the Bankruptcy Court, as outlined above.

Before a historical development of the relevant case law can be presented or appreciated, a distinction must be made between the typical factual situations found in § 523(a)(6) automobile injury cases and the case presently before the Court. Typically, such § 523(a)(6) cases involve an individual who was legally intoxicated at the time of the accident. In the case at hand, appellant was not found guilty of driving while legally intoxicated. The Court does recognize, as did Judge Speer, that appellant admitted that he had several "beers" earlier in the day and that he had previously used cocaine. But the Court also recognizes that Judge Speer did not base his decision directly on this factor, but that appellant had violated the speed limit and reckless driving statutes.

An excellent review of the case law and legislative history of § 523(a)(6) as it pertains to intoxicated automobile drivers can be found in *In re Fielder*, 799 F.2d at 658–59. Therefore, it will not be repeated here. Also see *In re Oakes*, 24 B.R. 766 (Bkcy, N.D.Ohio, 1982). The public and many courts were concerned with the thought of allowing drunk drivers who acted with willful, wanton, or reckless conduct and who injured, killed or caused property damage to others to escape civil liability for their actions by having their judgment debt discharged in bankruptcy court. Other courts held the view that § 523(a)(6) should be strictly construed. Judge Speer discussed these opposing views in *Schmidt*

and also indicated which view he favored. As a consequence of these differing views and to address the public's concern for individuals evading their civil liabilities under § 523(a)(6), Congress created a new exception to debt discharge, § 523(a)(9), which provides the following:

(a) a discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;

The conflict that arises in the case at hand is the application of these principles and theories to areas outside drunk driving liabilities, i.e., the violation of any statute. See Memorandum, Judge Speer, page 6. To carry Judge Speer's analysis to its logical conclusion, any violation of the law resulting in civil liability would not be dischargeable under § 523(a)(6). The Court finds this conclusion to be unsupported by case law or the historical development of § 523(a)(6) as previously discussed.

In *In re Kriger*, 2 B.R. 19, 25 (Bky, D.Oregon, 1979), the court held that a "[v]iolation of a brake-safety statute alone will not constitute wilful and malicious conduct." And in the case of *In re Oaks*, the debtor was convicted of vehicular homicide, Ohio Rev.Code § 2903.07. The *Oakes* court held the following:

This conviction is, without further evidence, insufficient for the court to find that the injury to Cynthia Clair was wilful and malicious.

*In re Oaks*, 24 B.R. at 769.

The Court disagrees with the bankruptcy judge that Congress intended § 523(a)(6) to extend to the case at hand.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the Bankruptcy Court's order be, and hereby is, REVERSED and the disputed debt be discharged.