In re Carl Mitchell JOHNS, Debtor.

Ernest JOHNSON, et al., Plaintiffs,

v.

Carl M. JOHNS, Defendant.

Bankruptcy No. 92–3591.
Related No. 92–33361.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 12, 1993.

**688**

Colleen M. O'Connell, Toledo, OH, for defendant.

William L. Swope, Findlay, OH, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiffs' Motion for Summary Judgment and Defendant's Response. The Court has reviewed the written arguments of counsel, supporting exhibits and cases, as well as the entire record in the case. Based upon that review, and for the following reasons, Plaintiffs' Motion for Summary Judgment should be Denied; and Defendant's obligation pursuant to the Consent Judgment Entry rendered in the Findlay Municipal Court is Discharged.

### FACTS

The foregoing facts are without substantial controversy. Defendant was charged with unlawfully and knowingly causing physical harm to Plaintiff, Ernest Johnson. Defendant entered a plea of nolo contendere (no contest) to the charge of assault and was adjudicated guilty. Plaintiffs and Defendant entered into a Consent Judgment Entry which was journalized by the Findlay Municipal Court on May 18, 1992. Pursuant to this Entry, Plaintiffs were granted judgment against Defendant in the amount of Seven Hundred Seventy Eight and

00/100 Dollars ($778.00) subject to interest at ten percent (10%) per annum.

Defendant filed a Petition under Chapter 7 of the Bankruptcy Code on September 17, 1992. In the attendant schedules, Plaintiff, Ernest Johnson, was listed as a Creditor holding an unsecured nonpriority claim for Eight Hundred and 00/100 Dollars ($800.00). The first date set for the Meeting of Creditors pursuant to Section 341 of the Bankruptcy Code was November 9, 1992. Plaintiffs' Complaint to Determine Dischargeability was filed on December 31, 1992 and Defendant filed an Answer on January 14, 1993. Plaintiffs filed a Motion for Summary Judgment to which Defendant filed a Response.

### LAW

The relevant portion of Rule 410 of the BANKRUPTCY RULES OF EVIDENCE reads as follows:

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

(2) a plea of nolo contendere;

11 U.S.C. § 523(a)(6) reads as follows:

(a) A discharge under section 727, 1141, [,] 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

### DISCUSSION

■ Counsel for the parties concur that the issues raised in the Motion for Summary Judgment and Response are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). The standard for summary judgment, as set forth under Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE and BANKRUPTCY RULE 7056, provides that summary judgment may be granted when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant will prevail upon demonstrating that all elements of the cause of action coexist. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987) (quoting *In re Sostarich*, 53 B.R. 27 (Bankr. W.D.Ky.1985)).

■ Plaintiffs argue in their Motion for Summary Judgment that the adjudication of Defendant's guilt is, per se, a willful and malicious injury under 11 U.S.C. § 523(a)(6). Consequently, Defendant is precluded from discharging the amount awarded to Plaintiffs pursuant to the Consent Judgment Entry. Defendant claims that neither his nolo contendere plea nor conviction based upon his plea may be admitted in any civil case, including this bankruptcy case, as either an admission or a judgment of conviction. As a result, Defendant concludes that any finding of guilt resulting from a plea of no contest may not be used to determine whether Defendant's act was willful and malicious. Consequently, Defendant's indebtedness to Plaintiffs is dischargeable.

Based upon counsel's arguments, the pivotal issue before this Court is the admissibility of Defendant's conviction, emanating from a plea of nolo contendere, in the bankruptcy case to show willful and malicious injury to Plaintiff. If Plaintiffs' use of Defendant's conviction is inadmissible, Plaintiffs' Motion for Summary Judgment must be denied for the reason that Plaintiffs' argument is based solely upon its contention that a conviction of assault is tantamount to willful and malicious injury. If Plaintiffs' use of Defendant's conviction is admissible in this bankruptcy case, the Court's ancillary inquiry becomes whether Defendant's violation of state law is, per se, a willful and malicious act within the meaning of 11 U.S.C. § 523(a)(6).

■ Crim.R. 11 provides that a plea of no contest is not an admission of guilt, but

**690**

an admission of the truth of the facts alleged in the indictment, information, or complaint. FED.R.EVID. 410 states that evidence of a plea of nolo contendere is not admissible against the defendant who made the plea or was a participant in the plea discussions in any subsequent proceeding against the Defendant. Thus, in any subsequent action, including a bankruptcy case, neither the plea of nolo contendere nor the conviction based on the plea may be admitted as either an admission, as a judgment of conviction, or to impeach. See BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL § 410.1 (1993 ed.)

 The pleadings and exhibits suggest that Defendant pled no contest when charged with assault. According to Crim.R. 11 and Rule 410 of the Rules of Evidence, Defendant's plea may not be admitted in any subsequent civil proceeding as an admission of his guilt; as judgment of his conviction; or for impeachment purposes. Therefore, this Court must resort to the pleadings and exhibits submitted with the Motions for Summary Judgment to determine whether Defendant willfully and maliciously injured Plaintiff. Willful conduct is that conduct which is deliberate, intentional, and voluntarily undertaken by the Debtor, and which is sufficient to cause the wrongful act. *In re Clayburn*, 67 B.R. 522 (Bankr.N.D.Ohio 1986) (citing *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)). Malicious conduct is that conduct which is done without just cause or excuse, or for which there is no justification. *In re Clayburn, supra,* (citing *Wiseman v. Weingarten (In re Weingarten),* 49 B.R. 881 (Bankr.N.D.Ohio 1985)). It is not necessary that the Debtor acted with ill will or malevolent intent toward the victim, *In re Clayburn, supra,* (citing *McGraw v. Jordan (In re Jordan),* 47 B.R. 712 (Bankr.N.D.Ohio 1985)), or that the Debtor intended to harm the victim. *Materia v. Pereira (In re Pereira),* 44 B.R. 248 (Bankr.D.Mass.1984).

 Absent the evidence of Defendant's plea and subsequent conviction, this Court finds no evidence that Defendant's conduct was willful and malicious within the con-

text of 11 U.S.C. § 523(a)(6). Plaintiffs have failed to demonstrate that there are no genuine issues of material fact; and that Plaintiffs are entitled to judgment as a matter of law. Further, Plaintiffs are collaterally estopped from relitigating the assault case and foreclosed from using Defendant's plea or conviction as evidence of an admission, judgment of conviction or for purposes of impeachment. Based upon the foregoing reasons, Plaintiffs' Motion for Summary Judgment should be Denied and Defendant's indebtedness to Plaintiffs under the Consent Judgment Entry rendered by the Findlay Municipal Court is Discharged.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that Plaintiffs' Motion for Summary Judgment be, and is hereby, **DENIED;** and that Defendant's indebtedness to Plaintiffs pursuant to the Consent Judgment Entry rendered in the Findlay Municipal Court be, and is hereby, **DISCHARGED.**